# FEDERAL COMMUNITIZATION AGREEMENT
## CONTRACT NO. MTM112222

THIS AGREEMENT, entered into as of the date shown in Section 10 hereof by and between the parties subscribing, ratifying, or consenting hereto, such parties being hereinafter referred to as "parties hereto".

## WITNESSETH:

WHEREAS, the Act of February 25, 1920 (41 Stat. 437), as amended and supplemented, authorizes communitization or drilling agreements communitizing or pooling a Federal oil and gas lease, or any portion thereof, with other lands, whether or not owned by the United States, when separate tracts under such Federal lease cannot be independently developed and operated in conformity with an established well-spacing program for the field or area and such communitization or pooling is determined to be in the public interest; and

WHEREAS, the parties hereto own working, royalty or other leasehold interests, or operating rights under the oil and gas leases and lands subject to this agreement which cannot be independently developed and operated in conformity with the well-spacing program established for the field or area in which said lands are located; and

WHEREAS, the parties have drilled a Bakken/Three Forks Formation oil well designated the Dagney 33-21 #3H Well and the Dagney 33-21 #4H Well in Sections 21, 28, and 33 Township 26 North, Range 59 East; and

WHEREAS, the parties hereto desire to communitize and pool their respective mineral interests in lands subject to this agreement for the purpose of developing and producing communitized substances in accordance with the terms and conditions of this agreement:

NOW, THEREFORE, in consideration of the premises and the mutual advantages to the parties hereto, it is mutually covenanted and agreed by and between the parties hereto as follows:

1.   The lands covered by this agreement (hereinafter referred to as "communitized area") are described as follows:

**Township 26 North, Range 59 East, M.P.M.**
**Sections 21, 28, & 33: ALL**

**Richland County, Montana**

Containing 1,920.00 Acres. This agreement shall include only the crude oil and associated natural gas produced from the Bakken/Three Forks Formation through the well bore of the Subject Wells(s), hereinafter, referred to as "communitized substances."

2.   Attached hereto, and made a part of this agreement for all purposes, are Exhibit "A" and Exhibit "B" designating the

Exhibit B

operator of the communitized area and showing the acreage, percentage and ownership of oil and gas interests in all lands within the communitized area, and the authorization, if any, for communitizing or pooling any patented or fee lands within the communitized area.

3.  All matters of operation shall be governed by the operator under and pursuant to the terms and provisions of this agreement.  A successor operator may be designated by the owners of the working interest in the communitized area, and four (4) executed copies of a designation of successor operator shall be filed with the Authorized Officer.

4.  Operator shall furnish the Secretary of the Interior, or his authorized representative, with a log and history of any well drilled on the communitized area, monthly reports of operations, statements of oil and gas sales and royalties and such other reports as are deemed necessary to compute monthly the royalty due the United States, as specified in the applicable oil and gas regulations.

5.  The communitized area shall be developed and operated as an entirety, with the understanding and agreement between the parties hereto that all communitized substances produced therefrom shall be allocated among the leaseholds comprising said area in the proportion that the acreage interest of each leasehold bears to the entire acreage interest committed to this agreement.

The communitized area approved in this Agreement contains unleased Federal lands. The value of 12 1/2 percent for the Federal lands, of the production that would be allocated to such Federal lands, described above, if such lands were leased, committed and entitled to participation, shall be payable as royalties to the Federal government.  Operator is responsible for such royalty payments on the volume of production. The value of such production subject to the payment of said royalties shall be determined pursuant to the method set forth in 30 CFR Part 1206 for the unleased Federal lands.  Payment of royalties on the production reallocated from the unleased Federal lands to the committed tracts within the communitized area shall fulfill the Federal royalty obligation for such production.  Payment of  royalties, as provided herein, shall accrue from the date the committed tracts in the communitized area that includes unleased Federal land receive a production allocation, and shall be due and payable monthly by the last day of the calendar month next following the calendar month of actual production. Payment due under this provision shall end on the effective date of any lease covering the Federal tract or when production of communitized substances ceases

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

within the communitized area and the Communitization Agreement is terminated, whichever occurs first.

From the date of first production, there shall be allocated to Operator the percentage of production attributable to the unleased Federal land within the communitized area, which is the proportion the number of acres of such unleased Federal land included in said communitized area bears to the total acres of communitized lands in said communitized area, until the effective date of a lease covering the Federal tract and payment of its proportionate cost of the well(s), or when production of the communitized substances ceases within the communitized area and the Communitization Agreement is terminated, whichever occurs first.

Any party acquiring a Federal lease of the unleased Federal land included in the communitized area established hereunder, will be subject to this Agreement as of the effective date of the Federal lease to said party(s). Upon issuance of the Federal lease and payment of its proportionate cost of the well(s), including drilling, completing and equipping the well, the acquiring party(s) shall own the working interest described in the tract, as described on Exhibit "B", and shall have the rights and obligations of said working interest as to the effective date of the Federal lease.

6.  The royalties payable on communitized substances allocated to the individual leases comprising the communitized area and the rentals provided for in said leases shall be determined and paid on the basis prescribed in each of the individual leases. Payments of rentals under the terms of leases subject to this agreement shall not be affected by this agreement except as provided for under the terms and provisions of said leases or as may herein be otherwise provided. Except as herein modified and changed, the oil and gas leases subject to this agreement shall remain in full force and effect as originally made and issued. It is agreed that for any Federal lease bearing a sliding- or step-scale rate of royalty, such rate shall be determined separately as to production from each communitization agreement to which such lease may be committed, and separately as to any noncommunitized lease production, provided, however, as to leases where the rate of royalty for gas is based on total lease production per day, such rate shall be determined by the sum of all communitized production allocated to such a lease plus any noncommunitized lease production.

7.  There shall be no obligation on the lessees to offset any well or wells completed in the same formation as covered

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

by this agreement on separate component tracts into which the communitized area is now or may hereafter be divided, nor shall any lessee be required to measure separately communitized substances by reason of the diverse ownership thereof, but the lessees hereto shall not be released from their obligation to protect said communitized area from drainage of communitized substances by a well or wells which may be drilled offsetting said area.

8. The commencement, completion, continued operation, or production of a well or wells for communitized substances on the communitized area shall be construed and considered as the commencement, completion, continued operation, or production on each and all of the lands within and comprising said communitized area, and operations or production pursuant to this agreement shall be deemed to be operations or production as to each lease committed hereto.

9. Production of communitized substances and disposal thereof shall be in conformity with allocation, allotments, and quotas made or fixed by any duly authorized person or regulatory body under applicable Federal or State statutes. This agreement shall be subject to all applicable Federal and State laws or executive orders, rules and regulations, and no party hereto shall suffer a forfeiture or be liable in damages for failure to comply with any of the provisions of this agreement if such compliance is prevented by, or if such failure results from, compliance with any such laws, orders, rules or regulations.

10. The date of this agreement is January 11th, 2021 and it shall become effective as of this date or from the onset of production of communitized substances, whichever is earlier upon execution by the necessary parties, notwithstanding the date of execution, and upon approval by the Secretary of the Interior or by his duly authorized representative, and shall remain in force and effect for a period of two (2) years and for so long as communitized substances are produced, or can be produced, from the communitized area in paying quantities; provided, that prior to production in paying quantities from the communitized area and upon fulfillment of all requirements of the Secretary of the Interior, or his duly authorized representative, with respect to any dry hole or abandoned well, this agreement may be terminated at any time by mutual agreement of the parties hereto. This agreement shall not terminate upon cessation of production if, within sixty (60) days thereafter, reworking or drilling operations on the communitized area are commenced and are thereafter conducted with reasonable diligence during the period of nonproduction. The two-year term of this agreement will not in itself serve to extend the term of any

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

Federal lease which would otherwise expire during said period.

11. The covenants herein shall be construed to be covenants running with the land with respect to the communitized interests of the parties hereto and their successors in interests until this agreement terminates, and any grant, transfer, or conveyance of any such land or interest subject hereto, whether voluntary or not, shall be and hereby is conditioned upon the assumption of all obligations thereunder by the grantee, transferee, or other successor in interest, and as to Federal land shall be subject to approval by the Secretary of the Interior, or his duly authorized representative.

12. It is agreed between the parties hereto that the Secretary of the Interior, or his duly authorized representative, shall have the right of supervision over all fee and State mineral operations within the communitized area to the extent necessary to monitor production and measurement and assure that no avoidable loss of hydrocarbons occurs in which the United States has an interest pursuant to applicable oil and gas regulations of the Department of the Interior relating to such production and measurement.

13. This agreement shall be binding upon the parties hereto and shall extend to and be binding upon their respective heirs, executors, administrators, successors, and assigns.

14. This agreement may be executed in any number of counterparts, no one of which needs to be executed by all parties, or may be ratified or consented to by separate instrument, in writing, specifically referring hereto, and shall be binding upon all parties who have executed such a counterpart, ratification or consent hereto with the same force and effect as if all parties had signed the same document.

15. Nondiscrimination: In connection with the performance of work under this agreement, the operator agrees to comply with all of the provisions of Section 202(1) to (7) inclusive, of Executive Order 11246 (30 F.R. 12319), as amended, which are hereby incorporated by reference in this agreement.

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

## Communitization Agreement Operator Self-Certification Statement

I, the undersigned, hereby certify, on behalf of Kraken Oil & Gas, LLC, the Operator of the proposed Communitization Agreement, that all working interest owners (*i.e.*, lessees of record and operating rights owners) shown on Exhibit "B" attached to the Communitization Agreement are, to the best of my knowledge, the working interest owners of the Federal or Indian leases subject to the Communitization Agreement, and that the written consents of all of the named owners have been obtained and will be made available to the BLM immediately upon request.

Signature: _____    Date: 6-13-2023 _____

Printed Name: Alan White _____

Position Title: Vice President - Land _____

### ACKNOWLEDGEMENT

STATE OF TEXAS               §

                             §

COUNTY OF HARRIS             §

On this 13th day of June, 2023, before the undersigned, a Notary Public in and for said County, personally appeared **Alan White, Vice President of Land of Kraken Oil and Gas, LLC,** to me personally known to be the identical person whose name is affixed to the above instrument, and acknowledged the execution thereof to be his voluntary act and deed as such office and the voluntary act and deed of the said Limited Liability Corporation.

Witness my hand and seal in said county the day and year last above written

My Commission expires: 3/28/2026 _____    _____
                                             Notary Public

SUNNI K. TURNER
Notary Public, State of Texas
Comm. Expires 03-28-2026
Notary ID 128119481

Residing at _____

Exhibit B

**EXHIBIT A**
Attached to and made a part of the Communitization Agreement dated effective January 11th, 2021,
embracing All of Section 21 & All of Section 28, & All of Section 33 Township 26 North, Range 59 East,
Richland County, Montana.

PLAT OF COMMUNITIZED AREA



Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

**EXHIBIT B**

To Communitization Agreement dated January 11th, 2021, embracing All of Section 21 & All of Section 28, & All of Section 33, Township 26 North, Range 59 East
Richland County, Montana

Operator of Communitized Area:    KRAKEN OIL & GAS LLC

**DESCRIPTION OF LEASES COMMITTED**

### Tract No. 1

| | |
|---|---|
| Lease Serial No.: | ULA MTM-112185 |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: W/2NW/4, NW/4SW/4 |
| Number of Acres: | 120.00 acres / 120.00 acres |
| Lessee of Record: | The United State of America |
| Name and Percent WI Owners: | The United States of America – 50% |

### Tract No. 2

| | |
|---|---|
| Lease Serial No.: | MTM-97819 |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: S/2SW/4, SW/4NE/4 |
| Number of Acres: | 120.00 acres / 120 acres |
| Lessee of Record: | Marshall & Winston, Inc. |
| Name and Percent WI Owners: | Equinor Energy, LP. – 100% |

### Tract No. 3

| | |
|---|---|
| Lease Serial No.: | MTM-071768-A |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 28: SE/4NE/4 |
| | Section 33: NW/4SE/4 |
| Number of Acres: | 80.00 acres / 80.00 acres |
| Lessee of Record: | Continental Resources, Inc. |
| Name and Percent WI Owners: | Continental Resources, Inc. – 100% |

### Tract No. 4

| | |
|---|---|
| Non-Federal | |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: E/2NW/4, NE/4SW/4, N/2NE, SE/4NE/4, SE/4 |
| | Section 28: W/2, W/2NE/4, NE/4NE/4, SE/4 |
| | Section 33: W/2, NE/4, NE/4SE/4, S/2SE/4 |
| Number of Acres: | 1,600.00 acres / 1,600.00 acres |

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023

## RECAPITULATION

| Tract Number | Number of Acres Committed | Percentage of Interest In Communitized Area |
|---|---|---|
| 1 - ULA MTM-112185 | 120.00 | 6.2500% |
| 2 - MTM-97819 | 120.00 | 6.2500% |
| 3 - MTM-071768-A | 80.00 | 4.1667% |
| 4 - FEE | 1600.00 | 83.3334% |
| **TOTAL** | **1,920.00** | **100.0000%** |

Exhibit B

RECEIVED BLM MILES CITY MT FIELD OFFICE 06/15/2023