JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, <br><br> Plaintiff, <br> vs. <br><br> KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | CV 25-65-BLG-TJC <br><br><br> DEFENDANT BLM'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT |

Defendant the U.S. Bureau of Land Management ("BLM") hereby responds

to the allegations in Plaintiffs' Complaint for Review of Agency Action, Doc. 1.

The numbered and lettered paragraphs in this Answer correspond to the numbered

and lettered paragraphs of the Complaint.

1

1.      Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 and denies them on that basis.

2.      Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3.      Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 and denies them on that basis.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

6.      The allegations in Paragraph 6 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and denies them on that basis.

10.      Defendant admits the allegations in Paragraph 10.

11.      Defendant admits the allegations in Paragraph 11.

12.      Defendant admits the allegations in Paragraph 12.

13.    Defendant admits the allegations in Paragraph 13.

14.    The allegations contained in Paragraph 14 of the Complaint purport to characterize an Order issued by the Federal District Court of Montana, which Order speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Order.

15.    Defendant denies the allegations in the first sentence of Paragraph 15 and admits the allegations in the second sentence.

16.    Defendant admits the allegations in Paragraph 16.

17.    In response to Paragraph 17, Defendant admits that BLM approved a Communitization Agreement (CA MTM 111087) on April 8, 2021, with an effective date of June 29, 2018.  As to any remaining allegations which purport to characterize the contents of the CA, the CA speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the CA.

18.    In response to Paragraph 18, Defendant admits that BLM approved a Communitization Agreement (CA) on June 22, 2023 with an effective date of January 11, 2021.  As to any remaining allegations which purport to characterize the contents of the CA, the CA speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the CA.

3

19.     The allegations contained in Paragraph 19 of the Complaint purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the document.

20.     The allegations contained in Paragraph 20 of the Complaint purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the document.

21.     The allegations in Paragraph 21 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

22.     The allegations contained in Paragraph 22 of the Complaint purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the document.

23.     Defendant admits the allegations in Paragraph 23.

24.     Defendant admits the allegations in Paragraph 24.

25.      In response to Paragraph 25, Defendant admits that the Interior Board of Land Appeals issued a decision on September 14, 2022.  The remaining allegations in Paragraph 25 purport to characterize the IBLA Decision, which

speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA Decision.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant admits the allegations in Paragraph 27.

28.     The allegations contained in Paragraph 28 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

29.     The allegations contained in Paragraph 29 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

30.     The allegations contained in Paragraph 30 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

31.     The allegations contained in Paragraph 31 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its

contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

32.    The allegations contained in Paragraph 32 of the Complaint purport to characterize two documents, which speak for themselves and are the best evidence of their contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the documents.

33.    The allegations contained in Paragraph 33 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

34.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35.    Defendant admits the allegations in the first sentence of Paragraph 35. The allegations contained in the second sentence of Paragraph 35 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

36.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39.    Defendant admits the allegations in Paragraph 39.

40.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 and denies them on that basis.

41.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 and denies them on that basis.

42.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 and denies them on that basis.

43.    The allegations in Paragraph 43 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

44.    The allegations in Paragraph 44 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

45.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

46.    Defendant incorporates the responses from Paragraphs 1–45 above.

47.     The allegations contained in Paragraph 47 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

48.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 and denies them on that basis.

49.     The allegations contained in Paragraph 49 purport to characterize 30 U.S.C. § 226(m), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the United States Code.

50.     The allegations contained in Paragraph 50 purport to characterize a treatise, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the treatise.

51.     The allegations contained in Paragraph 51 purport to characterize 43 C.F.R. § 3105.22, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation.

52. The allegations in Paragraph 52 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

53. The allegations contained in Paragraph 53 purport to characterize the BLM's Handbook 3160-9, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Handbook.

54. Defendant admits the allegations in Paragraph 54.

55. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55 and denies them on that basis.

56. Defendant denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

58. The allegations in Paragraph 58 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 56.

62.    Defendant incorporates the responses from Paragraphs 1–61 above.

63.    The allegations contained in Paragraph 63 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

64.    The allegations contained in Paragraph 64 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision.

65.    The allegations in Paragraph 65 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

66.    The allegations contained in Paragraph 66 purport to characterize 43 C.F.R. §3100.2-1 and the BLM Communitization Handbook, which documents speak for themselves and are the best evidence of their contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation and handbook.

67.    The allegations contained in Paragraph 67 purport to characterize 43 C.F.R. §3162.2-2(b), which speaks for itself and is the best evidence of its

contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation.

68.     Defendant denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

70.     The allegations in Paragraph 70 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant incorporates the responses from Paragraphs 1–72 above.

74.     Defendant denies the allegations in Paragraph 74.

75.     The allegations contained in Paragraph 75 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision.

76.     Defendant admits the allegation in Paragraph 76.

77.     In response to Paragraph 77, Defendant admits that it entered into 21-28 CA and 33-21 CA with Kraken.  The remaining allegations purport to

11

characterize the terms of the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

78. The allegations in Paragraph 78 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

79. The allegations in Paragraph 79 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant incorporates the responses from Paragraphs 1–80 above.

82. The allegations contained in Paragraph 82 purport to characterize the Pooling Orders, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Pooling Orders.

83. Defendant denies the allegations in Paragraph 83.

84. The allegations contained in Paragraph 84 purport to characterize the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

85.    Defendant admits the allegations in the first clause of the sentence in Paragraph 85.  Defendant denies the remaining allegations in this paragraph.

86.    Defendant denies the allegations in Paragraph 86.

87.    The allegations in Paragraph 87 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

88.    The allegations in Paragraph 88 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

89.    Defendant denies the allegations in Paragraph 89.

90.    Defendant incorporates the responses from Paragraphs 1–89 above.

91.    The allegations contained in Paragraph 91 purport to characterize 30 U.S.C. § 226(m), which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of 30 U.S.C. §226(m).

92.    The allegations contained in Paragraph 92 purport to characterize the Communitization Agreements, which speaks for themselves and are the best evidence of their contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreements.

93.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 93 and denies them on that basis.

94.    Defendant admits the allegations in Paragraph 94.

95.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95 and denies them on that basis.

96.    The allegations contained in the first sentence of Paragraph 96 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision.  The allegations contained in the second sentence of Paragraph 96 purports to characterize the CAs, which speak for themselves and are the best evidence of their contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs. Defendant further deny the allegations to the extent they characterize the CAs as "impermissible."

97.    The allegations contained in Paragraph 97 purport to characterize 30 U.S.C. §226(j),[1] which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of 30 U.S.C. §226(j).

---

[1] In this and the following paragraph, the Complaint incorrectly cites to Title 28 of the United States Code.

14

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 99 and denies them on that basis.

100.    The allegations in Paragraph 100 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

101.    The allegations in Paragraph 101 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant incorporates the responses from Paragraphs 1–104 above.

106.    The allegations in Paragraph 106 characterize the relief Plaintiffs are requesting, to which no response is required.  To the extent a further response is required, Defendant denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

107.    Defendant admits the first sentence in Paragraph 107.  To the extent the allegations contained in the second sentence of Paragraph 107 purport to characterize the CAs, these documents speaks for themselves and are the best

evidence of their contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

108.   The allegations in Paragraph 108 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

109.   The allegations contained in Paragraph 109 purport to characterize 43 C.F.R. §3105.23, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of 43 C.F.R. §3105.23.

110.   Defendant admits the allegations in Paragraph 110.

111.   The allegations contained in Paragraph 111 purport to characterize a Fifth Circuit Court of Appeals case, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

112.   The allegations contained in Paragraph 112 purport to characterize an IBLA case, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

113.   The allegations contained in Paragraph 113 purport to characterize an IBLA case, which speaks for itself and is the best evidence of its contents.

16

Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

114.   Defendant admits the first sentence in Paragraph 114.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 and denies them on that basis.

115.   The allegations in Paragraph 115 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

116.   The allegations in Paragraph 116 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

117.   Defendant denies the allegations in Paragraph 117.

118.   Defendant incorporates the responses from Paragraphs 1–117 above.

119.   The allegations in Paragraph 119 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

120.   The allegations contained in Paragraph 120 purport to characterize the CAs, which speaks for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

121. The allegations contained in Paragraph 121 purport to characterize the CAs, which speaks for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

122. The allegations in Paragraph 122 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

123. The allegations in Paragraph 123 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

124. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 124 and denies them on that basis.

125. The allegations in Paragraph 125 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

126. The allegations in Paragraph 126 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

127. Defendant denies the allegations in Paragraph 127.

Defendant denies the allegations in Plaintiff's Prayer for Relief.

Defendant denies each and every allegation in Plaintiff's Complaint for Declaratory Judgment not specifically denied or otherwise addressed herein.

## AFFIRMATIVE DEFENSES

1.      The Court lacks jurisdiction over some or all of Plaintiff's claims.

2.      Plaintiff's Complaint for Declaratory Judgment fails to state a claim upon which relief can be granted.

Defendant reserves the right to plead all other affirmative defenses or any state and/or federal statutes which through discovery may become applicable, and to amend this Answer to amend or withdraw any or all of them.

WHEREFORE, Defendant requests that Plaintiff takes nothing by way of the Complaint, that this case be dismissed with prejudice, and for any other relief the Court deems just and appropriate.

DATED this 18th day of July, 2025.

KURT G. ALME
United States Attorney


/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant BLM

19