JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | CV 25-65-BLG-TJC |
| Plaintiff, vs. | UNITED STATES' PRELIMINARY PRETRIAL STATEMENT |
| KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

Pursuant to the Court's Order of August 5, 2025 (Doc. 24) and L.R.

16.2(b)(1), the United States provides the following preliminary pretrial statement.

1

**A.     A brief factual outline of the case**.

Plaintiff alleges the BLM violated its authority under the Mineral Leasing

Act with respect to certain communitization agreements (CAs) between the agency

and Kraken related to oil and gas production in Richland County, Montana.   The

BLM disputes Plaintiff's claims.   The agency acted within the broad discretionary

authority conferred by the MLA to ensure the United States was compensated for

federal minerals, and made the existence of the CAs known to the public at the

time of the lease sale at issue in this case.

**B.     The basis for federal jurisdiction and for venue in the division.**

Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331,

2201.   Assuming the Court has jurisdiction, venue appears proper.

**C.     The factual basis of each claim or defense advanced by the party**.

The United States will address the factual bases underlying its defenses

along with their legal bases below.

**D.     The legal theory underlying each claim or defense, including, where
necessary to a reasonable understanding of the claim or defense,
citations to authority.**

Section 226(m) of Title 30 of the United States Code provides the BLM with

broad discretion to communitize oil and gas leases when in the public interest.

*See also Chapman v. Sheridan-Wyoming Coal Co.*, 338 U.S. 621, 627 (1950)

2

(noting the MLA confers "broad powers on the Secretary as leasing agent for the Government"); *Udall v. Tallman*, 380 U.S. 1, 4 (1965) (referring to the Secretary's "broad power to issue oil and gas leases on public lands"); *Arch Mineral Corp. v. Lujan*, 911 F.2d 408, 415 (10th Cir. 1990) (noting of the MLA's grant of authority to the Secretary: "That, to us, is a broad grant of authority."). The BLM's actions at issue in this case comport with the MLA and the discretionary authority it confers on the agency.

**E.     A computation of damages.**

The United States is not seeking damages in this case.

**F.     The pendency or disposition of any related state or federal litigation.**

None known.

**G.     Proposed additional stipulations of fact not included in the Statement of Stipulated Facts,** *see* **L.R. 16.2(b)(3), and the parties' understanding as to what law applies.**

None.    The United States asserts that federal law applies.

**H.     Proposed deadlines relating to joinder of parties or amendment of the pleadings**.

October 7, 2025.

**I.     Identification of controlling issues of law suitable for pretrial disposition.**

None identified at this time.

3

**J.**    **The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request.**

    1) **Samantha Iron Shirt**
       BLM Supervisory Land Law Examiner, Fluid Minerals Adjudication Section
       c/o U.S. Attorney's Office
       (406) 829-3336

    2) **Tyler Croft**
       BLM Petroleum Engineer, Fluid Minerals Branch
       c/o U.S. Attorney's Office
       (406) 829-3336

    3) **William Lambert**
       BLM Petroleum Engineer, Fluid Minerals Branch
       c/o U.S. Attorney's Office
       (406) 829-3336

**K.**    **The substance of any insurance agreement that may cover any resulting judgment.**

There is no applicable insurance agreement.

**L.**    **The status of any settlement discussions and the prospects for compromise of the case.**

The parties have not engaged in any settlement discussions.    The prospects for settlement of the case are unknown until the parties have engaged in discovery.

**M.**    **Suitability of special procedures.**

The government asserts that this case is not appropriate for special

4

procedures.

**N.** **Any issues relating to the disclosure or discovery of electronically stored information, including:**

**1. Issues pertaining to the preservation of such information:**

None identified at this time.

**2.   Issues relating to the form or forms in which such information should be produced:**

None identified at this time.   The United States anticipates producing the

majority of records in Portable Document Format (PDF).

**DATED** this 16th day of September 2025.

KURT G. ALME
United States Attorney


/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant BLM

5