Brianne C. McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, Montana 59103-0639
Telephone: 406.252.2166
Fax: 406.252.1669
*BCMcClafferty@hollandhart.com*

Matthew J. Salzman, *pro hac vice*
Holland & Hart LLP
2811 W. 66th Terrace
Mission Hills, KS 66208
Telephone: 913.558.1221
*MJSalzman@hollandhart.com*

Utsarga Bhattarai, *pro hac vice*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8168
*UBhattarai@hollandhart.com*

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL & GAS LLC
AND KRAKEN OPERATING, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC )<br><br>Plaintiff, )<br><br>KRAKEN OIL & GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, )<br><br>Defendants. ) | Cause No. CV-25-65-BLG-TJC<br><br>**DEFENDANTS KRAKEN OIL & GAS LLC AND KRAKEN OPERATING LLC's PRELIMINARY PRETRIAL STATEMENT** |

In accordance with this Court's Order Setting Preliminary Pretrial Conference and Associated Deadlines [Dkt. 24] and Local Rule 16.2(b)(1), Defendants Kraken Oil & Gas, LLC and Kraken Operating, LLC (collectively, "Kraken") submit the following Preliminary Pretrial Statement:

## A.   Brief Factual Outline of the Case.

In August 2024, the Defendant United States Bureau of Land Management ("BLM") held a lease auction in Montana to sell several federal oil-and-gas leases. Among the leases offered for sale was a lease of federal minerals in Richland County, Montana (Parcel No. MT-2024-08-0360). These federal minerals were located in an already-producing spacing unit formed by the Montana Board of Oil and Gas Conservation ("MBOGC") and encumbered by certain preexisting communitization agreements that pooled the interests in those federal minerals with the other interest in the spacing unit. BLM entered those communitization agreements with Kraken, the operator of the spacing unit.

BLM's auction materials included a lease sale notice that repeatedly informed the public and, in particular, those considering bidding on the lease of Parcel No. MT-2024-08-0360, that this lease was already committed to a communitization agreement operated by Kraken, and that the bidder of the lease should contact Kraken to determine its rights under the communitization agreement. Plaintiff Phoenix Energy One, LLC ("Phoenix") did whatever diligence it deemed necessary

2

to determine whether and, if so, how much to bid on the lease of Parcel No. MT-2024-08-0360. Phoenix then chose to bid on this lease during the auction and placed the winning bid. BLM thus awarded the lease to Phoenix on September 19, 2024, with an effective date of October 1, 2024.

On May 15, 2025, Phoenix filed this lawsuit. Contrary to the express terms of both its lease and the communitization agreements, Phoenix alleges that it is entitled to revenues from production of its newly-leased federal minerals *before* Phoenix's lease became effective. Phoenix claims both that its lease has a retroactive effective date, and that the preexisting communitization agreements violate the Mineral Leasing Act and must be either declared unlawful or rewritten by the Court. Alternatively, if the Court finds that Phoenix's lease is indeed effective when it says it is effective (and not before) or that the communitization agreements are valid, then Phoenix asks the Court to order BLM to cancel Phoenix's lease subject to the communitization agreements and to refund its leasing expenditures.

Kraken maintains that BLM acted within its discretion in entering into the communitization agreements and that these agreements do not violate the Mineral Leasing Act in this instance or any other instance in which BLM has used similar or identical language. Kraken further maintains that the relief sought by Phoenix is contrary to the plain language of both Phoenix's lease, which states it is not effective until October 1, 2024, and the communitization agreements, which state that (1) any

future lessee of the unleased Federal land included in the communitized area "will be subject to this Agreement as of the effective date of the Federal lease to said party(s)" and (2) that the new lessee "shall own the working interest described in the tract . . . and shall have the rights and obligations of said working interest as to the effective date of the Federal lease"—***not before*** said effective date. Kraken further maintains that Phoenix is obligated to pay its proportionate share of development costs and is entitled to receive its proportionate share of revenues from the effective date of its lease forward—not before the effective date when it admittedly owned no interest whatsoever in the minerals. Kraken understands that BLM's position is consistent with Kraken's.

**B.      The Basis for Federal Jurisdiction and for Venue in the Division.**

Phoenix should have filed this action in the Interior Board of Land Appeals within the Department of the Interior ("IBLA"). Relatedly, Kraken has asserted several defenses that may affect this Court's jurisdiction. Subject to those defenses, jurisdiction would be proper in this Court under 28 U.S.C. § 1331 because Phoenix's claims in its complaint arise under the Mineral Leasing Act, a law of the United States. Venue would be proper in this District because the mineral interests at issue in this litigation are in Richland County, Montana and Richland County is within the Billings Division of the United States District Court for the District of Montana.

4

**C.      The Factual and Legal Basis of Kraken's Defenses.**

Kraken currently has asserted the following defenses:

Failure to state a claim—The Complaint fails to adequately state a claim upon which relief may be granted. Based on the alleged facts, no law affords Phoenix the relief it seeks.

Lack of subject matter jurisdiction—This is a "catch-all" defense because Kraken believes the Court lacks jurisdiction over some or all of Phoenix's claims for reasons that include but may not be limited to those referenced below in failure to exhaust administrative remedies, primary jurisdiction, laches, statute of limitation, waiver, standing, and lack of privity.

Failure to Exhaust Administrative Remedies—Federal law may require Phoenix to exhaust its administrative remedies with the State Director of the Montana/Dakotas State Office of BLM and/or the IBLA before initiating a federal court lawsuit. Phoenix did not do so. *See* 43 CFR 4.21(c).

Primary jurisdiction—Phoenix's claims fall within the primary jurisdiction of the Department of the Interior because the statutory and regulatory schemes governing communitization agreements and the leasing of federal minerals are within BLM's jurisdiction and require agency expertise and uniformity in administration. *See United States v. General Dynamics Corp.*, 828 F.2d 1356 (9th Cir. 1987) (laying out the four-factor test for primary jurisdiction).

The terms of the applicable agreements and regulatory order—Phoenix's claims must be rejected because they are contrary to the plain language of Phoenix's lease, the communitization agreements, and the regulations and regulatory orders governing the mineral interests at issue in this case. Phoenix consented to the terms of its lease, those communitization agreements, and the applicable regulatory orders when it chose to purchase and accepted the lease.

Laches—Phoenix failed to take timely action. It could have approached Kraken and BLM before Phoenix bid on the lease, after it won the lease (but before it became effective), or shortly after it became effective for a proper resolution. Instead, Phoenix waited an unreasonable time to bring its claims while Kraken continued to invest time and money in developing the wells for the benefit of all interest owners. Phoenix's delay has prejudiced Kraken.

Statute of limitations—Phoenix failed to bring its claims timely within the applicable statute of limitations.

Waiver—Phoenix bought the lease with actual notice and actual or constructive knowledge of the lease terms, its effective date, and that the lease was subject to the communitization agreements, and thereby accepted and waived any right to challenge those agreements.

Standing—In the alternative, to the extent Phoenix is not in privity as a successor-in-interest to BLM and thus not bound by the same terms that bound BLM

with respect to the interest Phoenix leased from BLM, Phoenix lacks standing to challenge BLM's decision to enter into the communitization agreements.

Lack of privity—In the alternative, to the extent Phoenix is not a successor-in-interest to BLM and thus not bound by the same terms that  bound BLM with respect to the interest Phoenix leased from BLM, Phoenix is not in privity with either party to the communitization agreements and has no basis to challenge them.

Setoff and recoupment—Kraken reserves the right to setoff or recoup any sums due to Phoenix under its lease with all sums Phoenix owes Kraken, including but not limited to, under either the lease or any other agreement(s). Phoenix is not entitled to any revenue unless and until it has paid its proportionate share of the costs.

**D.    A Computation of Damages.**

Kraken is not currently seeking any damages from Phoenix, but it reserves the right to add a claim for damages if and when the need arises, and to pursue an award of attorneys' fees and/or costs under appropriate circumstances. Kraken, however, does assert a setoff and recoupment defense as Phoenix has not yet paid any of its proportionate share of costs associated with its lease; however, the computation of those costs that are due will depend upon the effective date of Phoenix's lease and/or whether Phoenix is allowed to claim that it has rights to an interest before it actually acquired said interest. Kraken denies that Phoenix is entitled to recover any damages for the allegations set forth in the Complaint.

**E.    The Pendency or Disposition of any Related State or Federal Litigation.**

Kraken is unaware of any related state or federal litigation.

**F.    Proposed Additional Stipulations of Fact and Understanding Of Applicable Law.**

The parties have conferred on, and Phoenix has filed (or soon will file), a Statement of Stipulated Facts. Kraken proposes no additional facts at this time, but reserves the right to do so later.

Kraken understands that Federal law applies to all seven of Phoenix's claims. Kraken notes, however, that Montana law concerning the exercise of the state police power for the development of hydrocarbons (oil and gas), including the formation of spacing units and pooling of interests in those units, and how that law works in concert with the Federal law governing the development of federal minerals, is also relevant to this case.

**G.    Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings.**

 See Joint Discovery Plan, filed September 16, 2025.

**H.    Identification of Controlling Issues of Law Suitable for Pretrial Disposition.**

Kraken intends to file a motion for summary judgment because, based on the alleged or undisputed facts, no law affords Phoenix the relief it seeks. Kraken also notes that claims such as those asserted by Phoenix in this lawsuit are more properly brought before the State Director of BLM and/or the IBLA. Kraken is examining the

merits of a motion to dismiss based on the defenses identified above. Kraken reserves the right to file a dispositive motion on any other grounds it determines applies to this case as discovery proceeds.

## I.    Known Individuals Who May Have Relevant Information.

This case is obviously in its early stages and discovery has not commenced. Consequently, Kraken has not yet identified individuals with knowledge of Phoenix's allegations. However, the following individuals may have knowledge or information which Kraken may use to support its defenses in this matter. Kraken provides a summary of information potentially held by each witness and the city and state of the current residence of each individual, if known. By disclosing this information, Kraken does not waive any attorney-client privilege or work-product privilege. Arrangements to contact any of the listed persons who are associated with Kraken should be made through Kraken's counsel. Kraken reserves the right to rely on any witness identified by Phoenix and the BLM and any witness needed for impeachment or rebuttal.

All persons designated "c/o Kraken's counsel" can be contacted c/o Brianne C. McClafferty, 401 N. 31st Street, Suite 1200, Billings, Montana 59101, telephone: (406) 252-2166.

1.    **Individuals Associated with Kraken**

    A. Justin Payne
       Landman
       c/o Kraken's counsel.

Subjects: Communications with Phoenix.

    B. Stephanie Haydel
       Division Order Analyst
       c/o Kraken's counsel.

Subjects: Communications with Phoenix.

    C. Alan White
       Vice President – Land
       c/o Kraken's counsel.

Subjects: Kraken's original lease of the Lands, the Communitization Agreements, and the BLM lease auction.

    D. Andrew McGhee
       Vice President – Business Development
       c/o Kraken's counsel.

Subjects: Kraken's original lease of the Lands, the Communitization Agreements, and the BLM lease auction.

    E. Brian Popp
       Land Manager
       c/o Kraken's counsel.

Subjects: The Communitization Agreements.

    F. Jeff Ehrlish
       Senior Vice President – Accounting
       c/o Kraken's counsel.

Subjects: Kraken's accounting procedures.

    G. Kraken's legal counsel
       c/o Kraken's counsel.

Subjects: Kraken's original lease of the Lands, the Communitization Agreements, and the BLM lease auction.

## 2.    Individuals Associated with Phoenix

All persons designated "c/o Plaintiff's counsel" can, on information and belief, be contacted c/o Aaron D. Bieber, 2245 Texas Dr., Ste. 300 Sugar Land, TX 77479, telephone: (713) 899-3893.

    A. Lindsey Wilson
       On information and belief, may be contacted
       c/o Plaintiff's counsel

Subjects: Phoenix's Lease of the Lands

    B. Adam Mohamad
       On information and belief, may be contacted
       c/o Plaintiff's counsel

Subjects: Communications with Kraken

    C. Cristi Veitenheimer
       On information and belief, may be contacted
       c/o Plaintiff's counsel

Subjects: Communications with Kraken

**3.    Individuals Associated with BLM**

All persons designated "c/o BLM's counsel" can, on information and belief, be contacted c/o John M. Newman, U.S. Attorney's Office, 101 E Front Street, Suite 401 Missoula, MT 59802, telephone: (406) 829-3336.

A. BLM's legal counsel
   On information and belief, may be contacted
   c/o BLM's counsel

Subjects: The Communitization Agreements.

B. Shane Findlay
   On information and belief, may be contacted
   c/o BLM's counsel

Subjects: The Communitization Agreements.

C. Samantha Iron Shirt
   On information and belief, may be contacted
   c/o BLM's counsel

Subjects: The Communitization Agreements.

D. Donato Judice
   On information and belief, may be contacted
   c/o BLM's counsel

Subjects: The Leased Lands.

E. Leanne Waterman
   On information and belief, may be contacted
   c/o BLM's counsel

Subjects: The Leased Lands.

**J.      The Substance of any Insurance Agreement That May Cover Any Resulting Judgment.**

None.

**K.      The Status of Any Settlement Discussions and Prospects for Compromise in the Case.**

None at this time.

**L.      Suitability of Special Procedures.**

No special procedures are required for this case.

**M.      Any Issues Relating to the Disclosure or Discovery of Electronically Stored Information Including (a) Issues Pertaining to the Preservation of Such Information and (b) Issues Relating to the Form or Forms Which Such Information Should be Produced.**

Kraken does not foresee any electronic discovery issues outside of the ordinary course. As set forth in the Joint Discovery Plan and Stipulated Production Protocol and Protective Order, electronic documents generally will be produced in an electronic format, either in pdf format or in tiff format with a load file and various metadata field intact, at the election of the party propounding the production requests. The primary exception will be large files in formats such as Excel or Access that will be produced natively so that they are comprehensible.

13

DATED this 16th day of September, 2025.

/s/ Matthew J. Salzman
Brianne C. McClafferty
Matthew J. Salzman, pro hac vice
Utsarga Bhattarai, pro hac vice
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL AND GAS, LLC AND
KRAKEN OPERATING, LLC

35487956_v7

14