IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| PHOENIX ENERGY ONE, LLC, f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | CV 25-65-BLG-TJC |
| Plaintiff, | **SCHEDULING ORDER** |
| vs. | |
| KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

A preliminary pretrial conference was held in this case on September 23, 2025. After discussion and upon the agreement of the parties, IT IS ORDERED:

1.     The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Initial Disclosures: | **October 7, 2025** |
| Motions to Amend Pleadings (Including Joinder of Parties): | **November 7, 2025** |
| Motions Challenging Jurisdiction | **December 15, 2025** |
| Disclosure of Plaintiff's Damages Expert and Simultaneous Disclosure of Liability Experts: | **July 31, 2026** |
| Disclosure of Defendant's Damages Experts: | **September 15, 2026** |

1

| Disclosure of Rebuttal Expert Disclosures: | **30 days after the other party's disclosure** |

Discovery Deadline (discovery must be served so that responses are due on or before this date):   **December 11, 2026**

Motion for Settlement Conference Before a U.S. Magistrate Judge:   **December 11, 2026**

Motions Deadline (except motions otherwise scheduled and motions in limine):   **February 26, 2027**

The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order, but such stipulations will not be enforced unless they comply with Local Rule 83.4.  However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent good cause, which do not include delay attributable to the parties' stipulated extensions.

Motions to amend pleadings, including joinder of parties, will be granted as a matter of course prior to the Amended Pleadings Deadline, provided the proposed amended pleading is not futile.  Motions to amend pleadings filed after the Amended Pleadings Deadline must comply with the Fed. R. Civ. P. 16(b)(4) "good cause" requirement, in addition to any other applicable requirements.  *See, e.g.*, Fed. R. Civ. P. 15; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–10 (9th Cir. 1999) ("Once the district court had filed a pretrial scheduling

2

order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

2.      **Further Scheduling**.  Motions in limine do not need to be filed by the motions deadline.  After the motions deadline and following disposition of any motions filed, the Court will schedule further matters, including: (1) a deadline for motions in limine; (2) a date for the final pretrial conference and associated deadlines; and (3) the trial date.

3.      **Stipulations**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the facts set forth in the Joint Statement of Stipulated Facts (Doc. 34) are admitted and agreed upon.

4.      **Discovery Exhibits**.  During discovery, the exhibits shall be numbered seriatim.  Numbers used for exhibits during discovery shall be identically used at trial.

5.      **Foundation and Authenticity of Discovery Items**.  Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosures and during the course of discovery.  However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, within thirty (30) days of service of the discovery item.  If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time

of production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.

6.     **Supplementation of Discovery Responses**.  Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

7.     **Expert Disclosures**.

(a) Retained or Specially Employed Experts.

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report or Rule 26(a)(2)(C) disclosure must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived.  Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine, and need not be raised within this 14 day window.  An inadequate report or disclosure may

result in exclusion of the expert's opinions at trial even though the expert has been deposed.  In this regard, a treating physician is not considered a retained or specially employed expert witness under Rule 26(a)(2)(B) unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis, then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(B), a party must serve a disclosure under Rule 26(a)(2)(C), identifying the evidence and stating:

(i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

8.    **Rebuttal Experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony, or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party in

the case involve giving expert testimony, must be disclosed by the date set forth in paragraph 1 for rebuttal expert disclosures.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

9.      **Supplementation of Incomplete or Incorrect Expert Reports**. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is incomplete or incorrect, must be disclosed no later than ninety (90) days before the date set forth for trial.

10.     **Motions**.  All motions not otherwise scheduled must be filed by the date set forth in paragraph 1.

Notwithstanding the Motions Deadline, counsel are expected to promptly meet and confer regarding all disputed discovery issues, pursuant to the requirements of Local Rule 26.3(c)(1).  All discovery motions shall be filed within fourteen (14) days of the parties' meet and confer.  The Court will not entertain discovery motions based on post-Discovery Deadline occurrences.

11.     **Protective Orders**.  If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.

In addition, any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case), and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

12.    **Unopposed Motions**.  Unopposed motions shall be accompanied by a proposed order, separate from the motion.  The proposed order shall be a Word document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order.  The proposed order shall be e-filed under the heading "Text of Proposed Order," and e-mailed to tjc_propord@mtd.uscourts.gov.  Failure to comply with this procedure may result in delayed resolution of the unopposed motion.

**IT IS ORDERED.**

DATED this 23rd day of September, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

7