JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, <br><br> Plaintiff, <br> vs. <br><br> KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | CV 25-65-BLG-TJC <br><br><br> BRIEF IN SUPPORT OF DEFENDANT UNITED STATES BUREAU OF LAND MANAGEMENT'S MOTION TO DISMISS |

1

## INTRODUCTION

It is axiomatic that a plaintiff suing the United States bears the burden of establishing subject matter jurisdiction via an unequivocal waiver of the government's sovereign immunity.   Plaintiff fails to do so here.   This case must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Phoenix Energy One, LLC ("Phoenix") filed this suit in May 2025 alleging, in essence, that: (1) Defendants Kraken Oil and Gas, LLC, Kraken Operating, LLC ("Kraken"), and United States Bureau of Land Management ("BLM"), entered into improper agreements related to the production of federal minerals in Richland County, Montana; (2) Kraken did not discharge its obligations under these agreements; and (3) Phoenix, as the current leaseholder of the federal minerals at issue, is entitled to revenues generated from those minerals prior to the effective date of its lease.   While subject matter jurisdiction cannot be waived and a challenge to it can be raised at any time, Fed. R. Civ. P. 12(h)(3), BLM files this motion in accordance with the schedule set by the Court in its September 23, 2025 order.   Doc. 39 at 1.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." As a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–969 (9th Cir. 1981), plaintiffs bear the burden of proving the existence of the court's subject matter jurisdiction, *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). At the pleading stage, plaintiffs must meet this burden with "allegations [that] 'permit the court to infer more than the mere possibility of [jurisdiction].'" *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The district court resolves a facial attack [under Rule 12(b)(1)] as it would a motion to dismiss under Rule 12(b)(6).").

## ARGUMENT

The United States, as sovereign, is immune from suit unless it consents to being sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941); *Reed ex rel. Allen v. U.S. Dep't of the Interior*, 231 F.3d 501, 504 (9th Cir. 2000). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). No action lies against the United

3

States unless Congress has authorized it.   *U.S. v. Testan*, 424 U.S. 392, 399 (1976).   A waiver of the federal government's sovereign immunity "cannot be implied, but must be unequivocally expressed," *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980), and such a waiver "will be strictly construed, in terms of its scope, in favor of the sovereign."   *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiff alleges "[j]urisdiction is proper pursuant to 28 U.S.C. § 1331 as this case involves claims arising out of federal law and is brought pursuant to 28 U.S.C. § 2201."   Doc. 1, ¶ 6.   Plaintiff repeatedly claims "this Court may declare the rights and other legal relations of any parties in an actual case or controversy," and that this case presents such a controversy.   *Id*., ¶¶ 57–58, 69–70, 78–79, 87–88, 100–101, 115–116, 125–126.

Plaintiff ignores, however, that neither § 1331 nor § 2201 waives the government's sovereign immunity.   *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (citing *Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir.1981)) (federal question statute does not waive sovereign immunity); *Flathead Irrigation Dist. v. Jewell*, 121 F. Supp. 3d 1008, 1017 (D. Mont. 2015), *aff'd sub nom. Flathead Irrigation Dist. v. Zinke*, 725 Fed. Appx. 507 (9th Cir. 2018) (unpublished) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382–83 (9th Cir. 1988)) ("It is well-established . . . that neither the

Declaratory Judgment Act nor the general federal question statute provide the necessary waiver of sovereign immunity for suits against the United States"); *see also Muirhead v. Mecham*, 427 F.3d 14, 17 n.1 (1st Cir. 2005) ("Declaratory Judgment Act does not effect a waiver of sovereign immunity because it neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of available declaratory relief").   Likewise, no provision within the Mineral Leasing Act, 30 U.S.C. §§ 181–287, waives the government's immunity from suit, and Plaintiff has not suggested otherwise.   These omissions are fatal to Plaintiff's claims and the Complaint must be dismissed as a result.

## CONCLUSION

When the government does not consent to be sued for a cause of action, federal courts lack subject matter jurisdiction over that action.   Such is the case here.   Plaintiff has not alleged—nor is there—a valid waiver of sovereign immunity for Plaintiff's claims.   This case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

DATED this 12th day of December, 2025.

> KURT G. ALME
> United States Attorney
>
> /s/ John M. Newman
> Assistant U.S. Attorney
> Attorney for Defendant BLM

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 815 words, excluding the caption and certificate of compliance.

DATED this 12th day of December, 2025.

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for Defendant BLM