IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC, f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | CV 25-65-BLG-TJC |
| Plaintiff, v. | **ORDER** |
| KRAKEN OIL AND GAS, LLC; KRAKEN OPERATING, LLC; and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

Before the Court is the Kraken Defendants' Motion for Leave to File Exhibits Under Seal.  (Doc. 47.)

The starting point for motions to seal in the Ninth Circuit is a "strong presumption in favor of access." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  At least with respect to documents relating to a dispositive motion, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz*, 331 F.3d at 1135); *Ruffner v. Ken Blanchard Cos., Inc.*, 2017 WL 11423946, at *1 (D. Mont. Nov. 16, 2017).  This standard requires the party to "articulate compelling reasons supported by specific factual

findings, such that they outweigh the general history of access and the public policy favoring disclosure." *Id.* Local Rules 1.3 and 5.2 embody the Ninth Circuit's compelling reasons standard, and are incorporated into the Court's scheduling order in this case. (Doc. 39 at 7.)

Here, the Kraken Defendants state the reasons for sealing the exhibits as: "The Demand Letter [from Phoenix's attorney] cites to Rule 408. Phoenix has taken the position that the settlement correspondence is confidential." (Doc. 47 at 2.) But if Plaintiff Phoenix seeks to have this information sealed, then it bears the burden of overcoming the strong presumption in favor of access by meeting the "compelling reasons" standard. The Court notes that cases cited by the Kraken Defendants in their Motion—wherein other district courts found compelling reasons to seal settlement communications—related to attorney-client communications about settlements and to signed settlement agreements, not preliminary demand letters and responses between attorneys of opposing parties.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that Plaintiff Phoenix shall appear

in writing on or before **January 19, 2026**, to show cause, if any, why inclusion of

this information in the public record is not appropriate.

    **IT IS ORDERED**.

    DATED this 5th day of January, 2026.

                          _____
                          TIMOTHY J. CAVAN
                          United States Magistrate Judge