MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC,<br><br>Plaintiff,<br>vs.<br><br>KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | CV 25-65-BLG-TJC<br><br><br>UNITED STATES' REPLY BRIEF |

**INTRODUCTION**

Phoenix advances two main arguments against dismissal in its response

brief: (1) The United States failed to plead sovereign immunity as an affirmative

defense and thereby waived the defense; and (2) Phoenix seeks non-monetary

relief, so sovereign immunity is not an impediment and, even if it were, the Court should allow amendment to add an APA claim.  Neither contention withstands scrutiny.

A clear waiver of sovereign immunity is integral to subject matter jurisdiction, which a plaintiff against the federal government has the burden of establishing.  Phoenix fails to plead any applicable waiver of sovereign immunity. The Court should not allow amendment to add an APA claim because such amendment would be futile – Phoenix filed its claim outside of the Mineral Leasing Act's statute of limitations.

**ARGUMENT**

**a. Plaintiff has the burden of establishing subject matter jurisdiction.**

Plaintiff contends that "sovereign immunity is an affirmative defense" and that "BLM failed to plead [lack of subject matter jurisdiction] in its Answer".  Doc. 55 at 7.  Plaintiff provides no supporting authority for this assertion, and it is wrong.  Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of proving the requisite federal subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  Absent an unequivocally expressed waiver, sovereign immunity is a jurisdictional bar to suit against the United States.  *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).  The principle is well established.  *United States v. Sherwood*, 312 U.S.

584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (collecting cases).

Contrary to Pheonix's argument (Doc. 55 at 7), sovereign immunity is not an affirmative defense that is waived if not timely asserted.  Without the United States' consent to suit, the Court lacks subject matter jurisdiction.  *United States v. Mitchell*, 463 U.S. 206, 215 (1983).  Lack of subject matter jurisdiction can be raised at any time, even on appeal.  *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1156 (9th Cir. 2001).  Thus, sovereign immunity cannot be abandoned as a defense by failure to assert.

### b. Phoenix has failed to plead a valid waiver of sovereign immunity.

Phoenix argues "[s]overeign immunity is waived because Phoenix is not seeking damages".  Doc. 55 at 7.  But the form of relief a plaintiff seeks cannot, in itself, waive sovereign immunity: A waiver of sovereign immunity must be explicitly and unequivocally provided by Congress in a statute.  *United States v. Shaw*, 309 U.S. 495, 500–01 (1940) ("[W]ithout specific statutory consent, no suit may be brought against the United States.").

Phoenix argues that the Administrative Procedure Act ("APA"), and specifically 5 U.S.C. § 702, waive sovereign immunity.  Doc. 55 at 8.  But, while the APA is indeed a valid waiver of sovereign immunity (and applies to claims seeking non-monetary relief), it is not a basis for relief that Phoenix identifies in its

3

complaint.  Doc. 1 at ¶¶ 5-6.  Rather, Phoenix identifies 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 2201 (Creation of Remedy) as the bases for jurisdiction. *Id*.  On the Civil Cover Sheet, Phoenix checked box 890 ("Other Statutory Actions") rather than box 899 ("Administrative Procedure Act / Review or Appeal of Agency Decision").  Doc. 1-4.  The term "APA" and section number "702" appear nowhere in the complaint.

While a plaintiff is not required to advance an APA claim in order to exploit the waiver of sovereign immunity in the second sentence of § 702 (*Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1168 (9th Cir. 2017)), they are required to identify the waiver of sovereign immunity that enables their claims against the United States.  *Mitchell*, 463 U.S. at 212.  Plaintiff fails to achieve this prerequisite in its complaint, and as a result the complaint should be dismissed.

## c.  Leave to amend to add APA claims would be futile.

Phoenix seeks leave to amend the complaint – to cure jurisdictional deficiencies with "additional allegations".  Doc. 55 at 13.  But leave to amend should be denied where such amendment would be futile.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Here, amendment to add APA claims would be doomed to fail: The APA borrows the statute of limitations from the substantive law underlying the APA claim.  *Ctr. for Biological Diversity v. Env't Prot. Agency*, 847 F.3d 1075, 1087 (9th Cir. 2017), citing *Ctr. for Biological*

4

*Diversity v. Salazar*, 695 F.3d 893, 904 (9th Cir. 2012) and *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F.3d 937, 942–43, 946–49 (9th Cir. 2006).  In this case, the Mineral Leasing Act (MLA) supplies the substantive law.  As Kraken argues extensively in its summary judgment motion and brief (Docs. 50-51), the MLA is subject to a strictly enforced 90-day statute of limitations, which Phoenix clearly violated.

> When applying 30 U.S.C. § 226-2 to "substantive decision[s] relating to federal leases," like Phoenix's claims here, courts unapologetically enforce the MLA's ninety-day statute of limitations. *Moncrief v. United States*, 43 Fed. Cl. 276, 290 (Fed. Cl. 1999); *see also Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1241, 1246 (10th Cir. 2012) (enforcing 30 U.S.C. § 226-2 to bar claims even when the suit was only a week late).

Doc. 51 at 8.

> Giving Phoenix every benefit of the doubt and choosing the latest possible date—the October 1, 2024, effective date of Phoenix's lease—the limitations period was over by December 30, 2024. Phoenix, however, waited 226 days—over two-and-a-half times the ninety-day limitations period—to bring its claims on May 15, 2025.
>
> As a matter of law, Phoenix "cannot maintain" this action because it was not "commenced or taken within ninety days" of BLM's decisions. *See* 30 U.S.C. § 226-2. Based on the undisputed facts, summary judgment should now be entered in Defendants' favor.

*Id*. at 12 (*see also* n 3).  The United States joins in Kraken's summary judgment motion in this regard.

The MLA's 90-day limitations period applies even if Plaintiff did not advance their claims on an APA footing, i.e., even if Plaintiff instead chose only to rely on the general waiver of immunity in the second sentence of Section 702.

This is because of the last sentence in Section 702, which states that "Nothing [in Section 702] . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  Here, that has the effect here of barring relief under any element of Section 702 (whether the first or second sentence), because the MLA expressly prohibits relief when sought more than 90 days after the final decision of the Secretary.  Hence, whether advanced as an APA or non-APA claim, any would-be amendment would be foreclosed by the statute of limitations.

Kraken's laches analysis is a pointed repudiation of Phoenix's equity arguments.  Doc. 55 at 12-13.  Phoenix argues they were not a party to the CA agreements, yet are unfairly required to pay royalties under those agreements – compelling recourse under the APA.  *Id.*  Yet, as Kraken points out:

> The undisputed facts establish that Phoenix knew its lease came with conditions and had every opportunity to timely determine and challenge those conditions. Phoenix has only itself to blame for not doing so.
> In fact, Phoenix admits that it did not even contact BLM to try to determine its rights under the CAs until after the MLA's limitations period expired. "**[S]tarting** in January 2025," Phoenix finally began "conversations" with BLM "to understand BLM's position regarding interpretation of the CAs at issue in this litigation" See SUF ¶¶ 34-35 (emphasis added). But, by then, Phoenix had known for well over a year—since at least December 2023—that the lease would be subject to a CA; Phoenix had known for over five months that it was the winning bidder for that lease; and Phoenix knew or should have known that its time to challenge any of the BLM decisions in its Complaint had already expired.

Doc. 51 at 16-17.  Even if their APA claims were not foreclosed by MLA's statute of limitations (they are), Phoenix could not argue fairness somehow compels justiciability under the APA.  The United States joins in Kraken's summary judgment motion in this regard.

Phoenix's APA claim would violate the MLA's statute of limitations.  As such, amendment would be futile and leave to amend should be denied.

**CONCLUSION**

For the foregoing reasons, Phoenix's claims against the United States should be dismissed with prejudice.

DATED this 6th day of January 2026.

KURT G. ALME
United States Attorney


/s/ Mark Steger Smith
Assistant U.S. Attorney
Attorney for Defendant BLM

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 1,423 words, excluding the caption and certificate of compliance.

DATED this 6th day of January 2026.

/s/ Mark Steger Smith
Assistant U.S. Attorney
Attorney for Defendant BLM