Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone: 406-403-7066
Email: adrian.miller@sullivanmiller.com
        michelle.sullivan@sullivanmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | ) ) ) ) | Cause No. CV-25-65-BLG-TJC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY OR, ALTERNATIVELY, TO DISREGARD OR STRIKE NEW ARGUMENTS RAISED IN DEFENDANT BLM'S REPLY BRIEF** |
| KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Phoenix Energy One, LLC ("Phoenix") supports its Motion for Leave to File a Sur-Reply as follows:

## BACKGROUND

Defendant United States Bureau of Land Management ("BLM") moved to dismiss Phoenix's claims under Federal Rule of Civil Procedure 12(b)(1), asserting that Phoenix failed to plead a waiver of sovereign immunity. Doc. 46. Phoenix filed a timely response addressing that jurisdictional argument and explaining why sovereign immunity is waived for the non-monetary relief sought. Doc. 55.

In its reply, BLM goes beyond the scope of its original motion. For the first time, BLM argues that:

1. Any amendment invoking 5 U.S.C. § 702 would be futile because Phoenix's claims are barred by the Mineral Leasing Act's ("MLA") 90-day statute of limitations, 30 U.S.C. § 226-2;

2. The MLA's statute of limitations independently forecloses relief notwithstanding § 702's waiver of sovereign immunity.

BLM argues that Phoenix's claims should, therefore, be dismissed with prejudice on grounds other than lack of subject matter jurisdiction. *See* Doc. 60 at 2, 4–7. BLM further purports to "join" and incorporate arguments raised in the Kraken Defendants' summary judgment briefing, effectively importing merits-based

defenses into a Rule 12(b)(1) motion and seeking relief not requested in its opening brief.

Because these arguments were not raised in BLM's original motion, they could not have been addressed in Phoenix's response.

## LEGAL STANDARD

District courts have inherent authority to manage their dockets and control the scope of briefing, including striking items from the docket as fairness so requires. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Although the Local Rules do not expressly provide for sur-replies, courts have discretion to permit them where a reply brief raises new arguments or authorities to which the opposing party has not had an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Further, L.R. 7.1 (d)(1)(D) suggests that a party may seek leave of Court for additional briefing.

Courts also routinely decline to consider arguments raised for the first time in a reply brief, particularly where those arguments seek dispositive relief or materially expand the scope of the original motion. As the Ninth Circuit has made clear, a district court "need not consider arguments raised for the first time in a reply brief." *Zamani*, 491 F.3d at 997.

## ARGUMENT

### A. Leave to File a Limited Sur-Reply Is Warranted

BLM's reply introduces new and substantive grounds for dismissal that were not presented in its Rule 12(b)(1) motion. Those new arguments include statute-of-limitations defenses, assertions of futility of amendment, and a request for dismissal with prejudice—relief that goes well beyond a pleading-based jurisdictional challenge.

Phoenix has not previously had an opportunity to address:

- Whether the statute of limitations in 30 U.S.C. § 226-2 applies to Phoenix's claims;

- Whether Phoenix is "contesting a decision of the Secretary" within the meaning of the MLA;

- When, if ever, the MLA limitations period accrued as to Phoenix; or

- Whether dismissal with prejudice is appropriate at the Rule 12(b)(1) stage.

Notably, the new arguments raised by BLM include extensive factual issues, as is evident from Kraken's Statement of Undisputed Facts and Brief filed in support of its Summary Judgment Motion. BLM's attempt to simply incorporate all of Kraken's summary judgment briefing into its reply has created extensive new legal and factual arguments. If a sur-reply is allowed, then Phoenix needs to be able to fully address all of Kraken's summary judgment arguments that BLM has adopted.

**B. Alternatively, the Court Should Disregard, Decline to Consider, or Strike the New Arguments.**

If the Court declines to permit a sur-reply, Phoenix respectfully requests that the Court disregard, decline to consider, or strike the arguments raised for the first time in BLM's reply.

BLM's statute-of-limitations and futility arguments materially expand the scope of its original Rule 12(b)(1) motion and seek relief—dismissal with prejudice—not requested in the opening brief. Consideration of those arguments without affording Phoenix an opportunity to respond would be improper. At minimum, consistent with Ninth Circuit authority, those arguments should not be considered in deciding BLM's motion to dismiss. *Ready Transp., Inc.*, 627 F.3d at 402.

**CONCLUSION**

For the foregoing reasons, Phoenix respectfully requests that the Court grant leave to file a sur-reply. In the alternative, Phoenix requests that the Court disregard, decline to consider, or strike the new arguments raised for the first time in BLM's reply brief.

Dated this 9th day of January, 2026.

/s/ Adrian A. Miller
Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone (406) 403-7066
adrian.miller@sullivanmiller.com
michelle.sullivan@sullivanmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, Adrian A. Miller, certifies that this Brief complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 739, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Adrian A. Miller
Adrian A. Miller

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, the foregoing was served by the Clerk of the U.S. District Court of Montana, Billings Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

/s/ Adrian A. Miller
Adrian A. Miller
