# EXHIBIT 2



Exhibit B

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Miles City Field Office
111 Garryowen Road
Miles City. Montana 59301
http://www.blm.gov/montana-dakotas

April 8, 2021

Kraken Oil & Gas
Attn: Andrew McGhee
9805 Katy Freeway, Suite 300
Houston, TX 77024

Re: Communitization Agreement MTM 111087
    Well: Dagney 21-28 1H (#25-083-23348)
    Sections 21 and 28, T. 26 N., R. 59 E.
    Richland County, Montana

Dear Mr. McGhee,

Enclosed is one approved copy of Communitization Agreement (CA) No. MTM 111087 involving 40.00 acres of land in Federal Lease MTM 071768-A, 120.00 acres of land in Federal Lease MTM 97819, 120.00 acres of unleased Federal interest, and 1,000 acres of patented land, comprising a 1280.00-acre spacing unit.

The agreement communitizes all rights as to the crude oil and associated natural gas producible from the Bakken/Three Forks Formation underlying All of Sections 21 and 28, T. 26 N., R. 59 E., Richland Montana. The CA is effective June 1, 2018.

Well Committed to CA:

The Federal well committed to the CA is the Dagney 21-28 1H. The surface location of the well is in the NW¼NW¼ of Section 21, T. 26 N., R. 59 E. The well is completed with a horizontal lateral which terminates in the SW¼SW¼ of Section 28, T. 26 N., R. 59 E. This well was completed as a producing horizontal oil well from the Bakken/Three Forks Formation on June 29, 2018.

Federal Minerals Committed to CA:

Federal Lease MTM 97819 and Unleased Lands Account MTM 112185 will receive actual production from the CA. Federal Lease MTM 071768-A will receive allocated production from the CA as of June 29, 2018.

Section 5 of the agreement requires all proceeds, 8/8ths of the unleased Federal minerals be placed in an interest earning escrow or trust account by the designated operator until the land is leased. However, since leasing of these lands may take longer than anticipated, we are now advising that you should pay the United States 12.50% (1/8th) royalty attributed to the unleased Federal lands, to the Office of Natural Resources Revenue (ONRR). We have established an unleased lands account (ULA), MTM 112185, to facilitate the collection of the royalties due for the unleased lands contained within this communitization agreement.

The designated operator may utilize the 7/8ths proceeds to recoup the proportional share of the drilling, completion, and production costs attributable to the unleased lands that are being placed in the escrow

Exhibit 2

USA_000663

2

account. However, the designated operator would be required to maintain an accurate account of the 7/8ths proceeds and provide an accounting of the amount to the Bureau of Land Management (BLM) upon request. Any amount that is not used to recoup the proportional share of costs would be placed in an interest earning escrow account by the designated operator. The 1/8ths royalty attributable to the unleased Federal land, as previously specified, would be paid to the ONRR under the ULA number until the lands are leased.

<u>Production and Royalty Reporting Requirements</u>:

This approval requires submission of production reports and payment of royalties to the Office of Natural Resources Revenue (ONRR) within 30 days of the Bureau of Land Management's (BLM) approval date.

> • The Oil and Gas Operations Report (OGOR, Form-ONRR 4054) must be submitted for the CA, beginning with the onset of production from the communitized area. If you need assistance on production reporting, please contact the ONRR at 1-800-525-7922.

> • Production royalties must be paid and reported on the Report of Sales and Royalty Remittance (Form ONRR-2014) within 30 days of the BLM approval date or the payors will be assessed interest for late payment under the Federal Oil and Gas Royalty Management Act of 1982 (see 30 CFR 1218.102). If you need assistance on royalty management, please contact the ONRR at 1-800- 525-9167.

<u>Additional CA Approval Requirements</u>:

Approval of this agreement does not constitute an adjudication of any state, local government, or private interests, and does not constitute a warranty or certification that the information supplied by the party submitting this agreement regarding any private, state, or local government interests is accurate. Approval of this agreement also does not warrant or certify that the operator thereof and other holders of operating rights hold legal or equitable title to those rights in the subject leases which are committed hereto. You are requested to furnish all interested principals with appropriate evidence of this approval.

The CA Number must be included on the well sign along with the well identification information required by 43 CFR 3162.6.

If you have any questions, please contact Leanne Waterman, Land Law Examiner, at 406-233-3166.

Sincerely,

Shane Findlay
Assistant Field Manager
Division of Mineral Resources

Enclosure

cc: ONRR w/encl, (via MessageWay)
    Montana Dept. of Revenue, Helena, MT w/encl.
    BLM, Montana State Office, Billings, MT (MT922) w/o encl.

Exhibit 2

USA_000664

## DETERMINATION - APPROVAL – CERTIFICATION

Pursuant to the authority vested in the Secretary of the Interior under Section 17(j) of the Mineral Leasing Act of 1920, as amended (74 Stat. 784; 30 U.S.C. 226(j), and delegated to the Area Oil and Gas Supervisors of the Bureau of Land Management, I do hereby:

A. Determine that the Federal lease or leases as to the lands committed to the attached agreement cannot be independently developed and operated in conformity with the well spacing program established for the field or area in which said lands are located, and that consummation and approval of the agreement will be in the public interest. Approval of this agreement does not warrant or certify that the operator thereof and other holders of operating rights hold legal or equitable title to those rights in the subject leases which are committed hereto.

B. Approve the attached communitization agreement covering:

   Township 26 North, Range 59 East, MPM
   Section 21: All
   Section 28: All

   Richland County, Montana

   as to the crude oil and associated natural gas producible from the Bakken and Three Forks Formations. This approval will become invalid should the public interest requirements not be met.

C. Certify and determine that the drilling, producing, rental, minimum royalty and royalty requirements of the Federal lease or leases committed to said agreement are hereby established, altered, changed or revoked to conform with the terms and conditions of the agreement.

Approved: __4/8/21__
          Date

__Shane Findlay__
Shane Findlay
Assistant Field Manager
Division of Mineral Resources
Miles City Field Office
Bureau of Land Management

Effective:   June 29, 2018

Communitization Agreement No.   MTM 111087

Exhibit 2

USA_000665

Federal Communitization Agreement
Contract No. mtm 111087

THIS AGREEMENT, entered into as of the date shown in Section 10 hereof by and between the parties subscribing, ratifying, or consenting hereto, such parties being hereinafter referred to as "parties hereto."

WITNESSETH:

WHEREAS, The Act of February 25, 1920 (41 Stat. 437), as amended and supplemented, authorizes communitization or drilling agreements communitizing or pooling a Federal oil and gas lease, or any portion thereof, with other lands, whether or not owned by the United States, when separate tracts under such Federal lease cannot be independently developed and operated in conformity with an established well-spacing program for the field or area and such communitization or pooling is determined to be in the public interest; and

WHEREAS, the parties hereto own working, royalty or other leasehold interests, or operating rights under the oil and gas leases and lands subject to this agreement which cannot be independently developed and operated in conformity with the well-spacing program established for the field or area in which said lands are located; and

WHEREAS, the parties have drilled a Bakken/Three Forks Formation oil well designated the Dagney 21-28 #1H Well in Sections 21 and 28, Township 26 North, Range 59 East; and

WHEREAS, the parties hereto desire to communitize and pool their respective mineral interests in lands subject to this agreement for the purpose of developing and producing communitized substances from the Subject Well only, in accordance with the terms and conditions of this agreement:

NOW, THEREFORE, in consideration of the premises and the mutual advantages to the parties hereto, it is mutually covenanted and agreed by and between the parties hereto as follows:

1.  The lands covered by this agreement (hereinafter referred to as "communitized area") are described as follows:

    Township 26 North, Range 59 East, M.PM.
    Sections 21 & 28: ALL
    Richland County, Montana

    containing 1,280.00 acres.  This agreement is in conformance with the Montana Board of Oil and Gas Conservation's Order No. 20-2020.  This agreement shall include only the crude oil gas and associated natural gas produced from the Bakken/Three Forks formation through the well bore of the Subject Well, hereinafter, referred to as "communitized substances."

2.  Attached hereto, and made a part of this agreement for all purposes, is Exhibit B, designating the operator of the communitized area and showing the acreage, percentage and ownership of oil and gas interests in all lands within the communitized area, and the authorization, if any, for communitizing or pooling any patented or fee lands within the communitized area.

3.  All matters of operation shall be governed by the operator under and pursuant to the terms and provisions of this agreement. A successor operator may be designated by the owners of the

1

RECEIVED MILES CITY FEILD OFFICE 3/31/2021

Exhibit 2

USA_000666

working interest in the communitized area, and four (4) executed copies of a designation of successor operator shall be filed with the Authorized Officer.

4. Operator shall furnish the Secretary of the Interior, or his authorized representative, with a log and history of any well drilled on the communitized area, monthly reports of operations, statements of oil and gas sales and royalties and such other reports as are deemed necessary to compute monthly the royalty due the United States, as specified in the applicable oil and gas regulations.

5. The communitized area shall be developed and operated as an entirety insofar as production from the Subject Well is concerned, with the understanding and agreement between the parties hereto that all communitized substances produced from the Subject Well shall be allocated among the leaseholds comprising said area in the proportion that the acreage interest of each leasehold bears to the entire acreage interest committed to this agreement.

All proceeds, 8/8ths, attributed to unleased Federal, State or fee land included within the CA area are to be placed in an interest earning escrow or trust account by the designated operator until the land is leased or ownership is established.

6. The royalties payable on communitized substances allocated to the individual leases comprising the communitized area and the rentals provided for in said leases shall be determined and paid on the basis prescribed in each of the individual leases. Payments of rentals under the terms of leases subject to this agreement shall not be affected by this agreement except as provided for under the terms and provisions of said leases or as may herein be otherwise provided. Except as herein modified and changed, the oil and gas leases subject to this agreement shall remain in full force and effect as originally made and issued. It is agreed that for any Federal lease bearing a sliding- or step-scale rate of royalty, such rate shall be determined separately as to production from each communitization agreement to which such lease may be committed, and separately as to any noncommunitized lease production, provided, however, as to leases where the rate of royalty for gas is based on total lease production per day, such rate shall be determined by the sum of all communitized production allocated to such a lease plus any noncommunitized lease production.

7. There shall be no obligation on the lessees to offset any well or wells completed in the same pool as covered by this agreement on separate component tracts into which the communitized area is now or may hereafter be divided, nor shall any lessee be required to measure separately communitized substances by reason of the diverse ownership thereof, but the lessees hereto shall not be released from their obligation to protect said communitized area from drainage of communitized substances by a well or wells which may be drilled offsetting said area.

8. The commencement, completion, continued operation, or production of the Subject Well for communitized substances on the communitized area shall be construed and considered as the commencement, completion, continued operation, or production on each and all of the lands within and comprising said communitized area, and operations or production pursuant to this agreement shall be deemed to be operations or production as to each lease committed hereto.

9. Production of communitized substances and disposal thereof shall be in conformity with allocation, allotments, and quotas made or fixed by any duly authorized person or regulatory body under applicable Federal or State statutes. This agreement shall be subject to all applicable Federal and State laws or executive orders, rules and regulations, and no party hereto shall suffer a forfeiture or be liable in damages for failure to comply with any of the provisions

2

RECEIVED MILES CITY FEILD OFFICE 3/31/2021

Exhibit 2

USA_000667

of this agreement if such compliance is prevented by, or if such failure results from, compliance with any such laws, orders rules or regulations.

10. The date of this agreement is June 1, 2018, and it shall become effective as of this date or from the onset of production of communitized substances, whichever is earlier upon execution by the necessary parties, notwithstanding the date of execution, and upon approval by the Secretary of the Interior or by his duly authorized representative, and shall remain in force and effect for a period of 2 years and for as long as communitized substances are, or can be, produced from the communitized area in paying quantities from the Subject Well. Provided, that prior to production in paying quantities from the communitized area and upon fulfillment of all requirements of the Secretary of the Interior, or his duly authorized representative, with respect to any dry hole or abandoned well, this agreement may be terminated at any time by mutual agreement of the parties hereto. This agreement shall not terminate upon cessation of production if, within 60 days thereafter, reworking or drilling operations on the Subject Well are commenced and are thereafter conducted with reasonable diligence during the period of nonproduction. The 2-year term of this agreement will not in itself serve to extend the term of any Federal lease which would otherwise expire during said period.

11. The covenants herein shall be construed to be covenants running with the land with respect to the communitized interests of the parties hereto and their successors in interests until this agreement terminates and any grant, transfer, or conveyance of any such land or interest subject hereto, whether voluntary or not, shall be and hereby is conditioned upon the assumption of all obligations hereunder by the grantee, transferee, or other successor in interest, and as to Federal land shall be subject to approval by the Secretary of the Interior, or his duly authorized representative.

12. It is agreed between the parties hereto that the Secretary of the Interior, or his duly authorized representative, shall have the right of supervision over all fee and State mineral operations within the communitized area to the extent necessary to monitor production and measurement, and assure that no avoidable loss of hydrocarbons occurs in which the United States has an interest pursuant to applicable oil and gas regulations of the Department of the Interior relating to such production and measurement.

13. This agreement shall be binding upon the parties hereto and shall extend to and be binding upon their respective heirs, executors, administrators, successors, and assigns.

14. This agreement may be executed in any number of counterparts, no one of which needs to be executed by all parties, or may be ratified or consented to by separate instrument, in writing, specifically referring hereto, and shall be binding upon all parties who have executed such a counterpart, ratification or consent hereto with the same force and effect as if all parties had signed the same document.

15. Nondiscrimination: In connection with the performance of work under this agreement, the operator agrees to comply with all of the provisions of Section 202(1) to (7) inclusive, of Executive Order 11246 (30 F.R. 12319), as amended, which are hereby incorporated by reference in this agreement.

3

RECEIVED MILES CITY FEILD OFFICE 3/31/2021

Exhibit 2

USA_000668

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written and have set opposite their respective names the date of execution.

**KRAKEN OIL & GAS LLC**

BY: _____    Date: _1/24/2020_

## ACKNOWLEDGEMENT

STATE OF TEXAS              §
                           §
COUNTY OF HARRIS           §

On this _24ᵗʰ_ day of _January_, 20_20_, before the undersigned, a Notary Public in and for said County, personally appeared _Andrew McGahee_ of Kraken Oil & Gas LLC, to me personally known to be the identical person whose name is affixed to the above instrument, and acknowledged the execution thereof to be his voluntary act and deed as such office and the voluntary act and deed of the said Limited Liability Corporation.

Witness my hand and seal in said county the day and year last above written

My Commission expires: _4-18-2022_           _____
                                             Notary Public

                                             Residing at _Harris County, Texas_

JUSTIN LAVINGTON PAYNE
Notary Public, State of Texas
Comm. Expires 04-18-2022
Notary ID 129790216

RECEIVED BLM MILES CITY MT FIELD OFFICE 01/30/2020

Exhibit 2

USA_000669

CONTINENTAL RESOURCES, INC.

BY: _E.M. Sierra_____    Date: ___7/27/2020___

## ACKNOWLEDGEMENT

STATE OF _Oklahoma_    §

§

COUNTY OF _Oklahoma_    §

On this _27th_ day of _July_____, 20_20_, before the undersigned, a Notary Public in and for said County, personally appeared ___E.M. Sierra_____ of Continental Resources, Inc., to me personally known to be the identical person whose name is affixed to the above instrument, and acknowledged the execution thereof to be his voluntary act and deed as such office and the voluntary act and deed of the said Corporation.

Witness my hand and seal in said county the day and year last above written

My Commission expires: _10/25/2023_    _Kim Heyman_____

Notary Public

Residing at _OK County, OK_____

RECEIVED BLM MILES CITY MT FIELD OFFICE 08/10/2020

Exhibit 2

USA_000670

**MARSHALL & WINSTON, INC.**

BY:     Date: May 27, 2020

Tom M. Brandt, President

## ACKNOWLEDGEMENT

STATE OF __TEXAS__    §

§

COUNTY OF __MIDLAND__    §

On this __27th__ day of __May__, 20 __20__, before the undersigned, a Notary Public in and for said County, personally appeared __Tom M. Brandt__ of **Marshall & Winston, Inc.** to me personally known to be the identical person whose name is affixed to the above instrument, and acknowledged the execution thereof to be his voluntary act and deed as such office and the voluntary act and deed of the said Corporation.

Witness my hand and seal in said county the day and year last above written

My Commission expires: 4/24/22    __Melanie Aiguier__

Notary Public, State of Texas

Residing at _____

MELANIE AIGUIER
Notary Public, State of Texas
ID# 12979614-9
My Commission Expires
APRIL 24, 2022

RECEIVED BLM MILES CITY MT FIELD OFFICE 08/10/2020

## Exhibit 2

USA_000671

**EQUINOR ENERGY LP**

BY: _Phillip Yancer_ (signature)    Date: _Aug 4, 2020_

**Phillip Yancer**
**Manager of Land**

## ACKNOWLEDGEMENT

STATE OF _TEXAS_                 §

                                 §

COUNTY OF _TRAVIS_               §

On this _4th_ day of _August_, 20_20_, before the undersigned, a Notary Public in and for said County, personally appeared _PHILLIP YANCER_ of Equinor Energy LP. to me personally known to be the identical person whose name is affixed to the above instrument, and acknowledged the execution thereof to be his voluntary act and deed as such office and the voluntary act and deed of the said Corporation.

Witness my hand and seal in said county the day and year last above written

My Commission expires: _May 30, 2021_    _Frida Vandall_ (signature)

Notary Public

Residing at _AUSTIN, TX_

FRIDA RANDALL
My Notary ID # 554536
Expires May 30, 2021

RECEIVED BLM MILES CITY MT FIELD OFFICE 08/10/2020

# Exhibit 2

USA_000672

**EXHIBIT A**

Attached to and made a part of the Communitization Agreement dated effective June 1, 2018, embracing All of Section 21 & All of Section 28, Township 26 North, Range 59 East, Richland County, Montana.

## PLAT OF COMMUNITIZED AREA



RECEIVED BLM MILES CITY MT FIELD OFFICE 04/08/2021

## Exhibit 2

USA_000673

**EXHIBIT B**

To Communitization Agreement dated June 1, 2018, embracing All of Section 21 & All of Section
28, Township 26 North, Range 59 East
Richland County, Montana

Operator of Communitized Area:     KRAKEN OIL & GAS LLC

**DESCRIPTION OF LEASES COMMITTED**

### Tract No. 1

| | |
|---|---|
| Lease Serial No.: | MTM-071768-A |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 28: SE/4NE/4 |
| Number of Acres: | 40.00 acres / 40.00 acres |
| Lessee of Record: | Continental Resources, Inc. |
| Name and Percent WI Owners: | Continental Resources, Inc. – 100% |

### Tract No. 2

| | |
|---|---|
| Lease Serial No.: | MTM-97819 |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: SW/4NE/4, S/2SW/4 |
| Number of Acres: | 120.00 acres / 120.00 acres |
| Lessee of Record: | Marshall & Winston, Inc. |
| Name and Percent WI Owners: | Equinor Energy, LP. – 100% |

### Tract No. 3

| | |
|---|---|
| Lease Serial No.: | ULA MTM-112185 |
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: W/2NW/4, NW/4SW/4 |
| Number of Acres: | 120.00 acres / 120.00 acres |
| Lessee of Record: | The United State of America |
| Name and Percent WI Owners: | The United States of America – 50% |

### Tract No. 4

| | |
|---|---|
| Description of Land Committed: | Township 26 North, Range 59 East |
| | Section 21: E/2NW/4, NE/4SW/4, N/2NE, SE/4NE/4, SE/4 |
| | Section 28: W/2, W/2NE/4, NE/4NE/4, SE/4 |
| Number of Acres: | 1,000.00 acres / 1,000.00 acres |

RECEIVED BLM MILES CITY MT FIELD OFFICE 04/08/2021

Exhibit 2

USA_000674

Exhibit B

## RECAPITULATION

| Tract Number | Number of Acres Committed | Percentage of Interest In Communitized Area |
|---|---|---|
| 1 -　MTM-071768-A | 40.00 | 3.1250% |
| 2 -　MTM-97819 | 120.00 | 9.3750% |
| 3 -　ULA MTM-112185 | 120.00 | 9.3750% |
| 4 -　Fee | 1000.00 | 78.1250% |
| TOTAL | 1,280.00 | 100.0000% |

RECEIVED BLM MILES CITY MT FIELD OFFICE 04/08/2021

Exhibit 2

USA_000675