MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, <br><br> Plaintiff, <br> vs. <br><br> KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | CV 25-65-BLG-TJC <br><br><br> UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE, OR FOR LEAVE TO FILE SUR-REPLY |

**INTRODUCTION**

Phoenix has filed a motion for leave to submit a surreply, or to strike, the

United States' reply brief supporting its motion to dismiss (Doc. 60).   Phoenix

1

argues the reply brief impermissibly advances new arguments, not raised in the original brief.   Doc. 64, passim.   As set forth more fully below, however, the points and authorities in the reply were merely responding to Phoenix's arguments opposing the motion to dismiss.   Such points and authorities are properly raised in a reply brief and do not justify either surreply or striking.   Also, arguments impacting subject matter jurisdiction can be raised at any time.   Finally, Phoenix does not require a surreply because it has already addressed the purportedly "new" content in its summary judgment brief.   Accordingly, Phoenix's motion for surreply / to strike should be denied.

## STANDARD OF REVIEW

"A decision to grant or deny leave to file a surreply is discretionary and should only be granted where a valid reason for such additional briefing exists…." *United States v. Maganito*, 2023 WL 3097197, at \*2 (D. Mont. Apr. 26, 2023) (citations omitted); *see also* D. Mont. L.R. 7.1(d)(1)(D) (noting that apart from opening, response, and reply briefs, "no further briefing is permitted without prior leave").   "Filing of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue."   *Id.*

## ARGUMENT

Phoenix argues "BLM goes beyond the scope of its original motion" because

the reply brief argues amendment to add an APA § 702 claim would be futile for violating the MLA's statute of limitations.   Doc. 64 at 2.   Phoenix takes similar issue with the argument that the MLA's statute of limitations "independently forecloses relief notwithstanding § 702's waiver of sovereign immunity".   *Id*. Finally, Phoenix cries foul over the United States' cross-reference to Kraken's statute of limitations and laches analyses in summary judgment.   *Id*.   All three claims lack merit.

### a.    A reply argument is not "new" in the context of motion practice if it is responding to a point advanced in the opposing brief.

Phoenix's baseline premise is erroneous: none of the arguments it seeks to strike are legitimately "new".   As this court has previously held, arguments that are "responsive to the content of [a] response brief… are not improper on reply." *Shreves v. Harris*, No. CV 18-97-H-DLC-JTJ, 2021 WL 9541337, at *11 (D. Mont. Oct. 15, 2021), report and recommendation adopted, No. CV 18-97-H-DLC, 2022 WL 4463900 (D. Mont. Sept. 26, 2022).   This premise is reinforced by Ninth Circuit precedent.   *Am. C.L. Union of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1106 (9th Cir. 2003) (denying motion to partially strike reply brief where "[t]he 'new' arguments raised in the... reply brief were a reasonable response to points made in the... answering brief").   Indeed, reply arguments that respond to points in the opposition are not legitimately "new".   *Celgard, LLC v.*

3

*Shenzhen Senior Tech. Material Co. (US) Research Inst.*, No. 19-5784, 2020 WL 1548513, at *4 n. 9 (N.D. Cal. Mar. 5, 2020) ("Senior-China's arguments are not new.   They are a direct response to the arguments in Celgard's opposition.").

Here, the United States moved to dismiss Phoenix's claims against BLM because Phoenix failed to identify an applicable waiver of sovereign immunity in its complaint.   Doc. 46 at 3-5.   Phoenix responded with three arguments:

1.  A waiver of sovereign immunity is an affirmative defense that had been waived by the United States.   Doc. 55 at 7.
2.  Phoenix seeks non-monetary relief, so its claims are justiciable under § 702 of the APA.   *Id*. at 7-10.
3.  The Court can fix any problem by allowing Phoenix to amend its complaint to add an APA claim.   *Id*. at 13.

The elements of the reply Phoenix finds objectionable (statute of limitations defenses, futility of amendment, and dismissal with prejudice [Doc. 64 at 2, 4]) directly respond to arguments 2 and 3.

Contrary to Phoenix's arguments, their claims are not justiciable as APA claims because the APA integrates the Mineral Leasing Act's (MLA) 90-day limitations period – which Phoenix violated.   Doc. 60 at 4-5.   Even if Phoenix advanced their claims under some non-APA theory, they could not use the APA's waiver of sovereign immunity because the APA "impliedly forbids" out-of-time claims.   *Id*. at 5-6.   Hence, Phoenix has no recourse via the APA, and amendment (sought for the first time in the opposition brief), would be futile.

Phoenix complains these arguments go "well beyond a pleading-based jurisdictional challenge".   Yet, these arguments repudiate Phoenix's contention that jurisdiction can be salvaged simply by adding APA allegations.   Moreover, if arguments have progressed beyond the framework of the opening brief, it is only because Phoenix has taken them there.

Phoenix complains that "dismissal with prejudice [was] not requested in the opening brief".   Doc. 63 at 5.   Yet the opening brief clearly sought dismissal based on the lack of subject matter jurisdiction and clearly portrayed this as a critical defect, e.g., "These omissions are fatal to Plaintiff's claims and the Complaint must be dismissed as a result".   Doc. 46 at 5.   Phoenix bears the burden of establishing subject matter jurisdiction over the United States via an "unequivocally expressed" waiver of sovereign immunity (*U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)) and their claims are doomed in lieu of such a showing.

Further, it was Phoenix that provoked the question of redeemability when it suggested in the opposition brief that the Court could avoid jurisdictional issues by allowing amendment to add APA allegations.   Doc. 55 at 13.   Because Phoenix raised this issue in the response brief, it is proper for the United States to address it in reply: Amendment to add APA claims would be futile, so dismissal should be with prejudice.

**b.      Jurisdictional arguments may be raised at any point.**

The fact that the disputed reply arguments are jurisdictional is a separate and additional argument against surreply or striking: "Subject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Objections to a court's jurisdiction "may be resurrected at any point in the litigation." *Id*. In fact, courts are obligated to consider *sua sponte* the propriety of subject-matter jurisdiction at all points in the litigation. *Id*.; *see also Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) (federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). Further, Federal Rule of Civil Procedure 12(h)(3) mandates that courts dismiss an action if at any time they determine they lack subject-matter jurisdiction.

Thus, even if the reply arguments were *not* connected to points raised in Phoenix's opposition brief (they are), the Court would still need to consider them in assessing whether Phoenix has demonstrated the prerequisites for judicial review of federal agency action. As demonstrated in the reply, Phoenix has not sustained that burden.

**c.      Phoenix is not deprived of an opportunity to respond.**

Phoenix anchors its bid for surreply on the idea that is has been deprived of a

chance to address the MLA's 90-day limitations period.   Doc. 64 at 4.   Phoenix

claims the United States has attempted "to simply incorporate all of Kraken's

summary judgment briefing into its reply" (*Id.*) but this is clearly incorrect: The

United States block quoted two specific portions of Kraken's summary judgment

brief and joined solely in those regards.   Doc. 60 at 5 (MLA limitations) and 6

(laches).   Phoenix does not need a surreply to respond to those excerpts.

The block quotes are extracted from Kraken's summary judgment brief, filed

December 15, 2025.   Doc. 51.   The United States' reply brief (Doc. 60) was filed

January 6, 2026.   By joint motion, Phoenix and Kraken sought (and were granted)

extension of the deadline for Phoenix's summary judgment response brief to

January 19, 2026.   Doc. 57, 58.   Phoenix filed its brief on January 19, 2026.

Doc. 65.   Thus, Phoenix had ample time to fully address the two limited areas

where the United States joined in Kraken's motion – and Phoenix did, in fact,

address those areas.   Doc. 65 at 14-17 (statute of limitations), 20-25 (laches).

No aspect of the analysis changes simply because BLM joins in certain

facets of Kraken's arguments.   The United States did not alter or amplify Kraken's

arguments – it presented them verbatim.   Phoenix suggests it needs a surreply "to

be able to fully address all of Kraken's summary judgment arguments that BLM

has adopted."   Doc. 64 at 4.   Yet, Phoenix fails to explain how the mere

replication of Kraken's arguments actually creates "extensive new legal and factual arguments" in the context of the motion to dismiss. *Id*. It does not: The same 90-day period applies under the MLA (or does not apply) whether it is Kraken or BLM pointing out the limitation. The same laches analysis applies because BLM offers nothing beyond Kraken's argument.

As noted above, Phoenix already addressed the Kraken-derived arguments in its summary judgment response. Creating a parallel track for the same arguments in the motion to dismiss would merely be redundant and waste the Court's time.

## CONCLUSION

Every element of the reply brief that Phoenix decries as "new" is responsive to arguments in the opposition brief – and therefore not new. Further, jurisdictional defects may be raised at any point, including in a reply brief. Finally, Phoenix had a full opportunity to address the MLA statute of limitations and laches in its summary judgment response brief (and did address them). Accordingly, the motion for surreply or to strike should be denied.

DATED this 22nd day of January 2026.

> KURT G. ALME
> United States Attorney
>
>
> /s/ Mark Steger Smith
> Assistant U.S. Attorney
> Attorney for Defendant BLM

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 1,570 words, excluding the caption and certificate of compliance.

DATED this 22nd day of January 2026.

/s/ Mark Steger Smith
Assistant U.S. Attorney
Attorney for Defendant BLM