Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone: 406-403-7066
Email: adrian.miller@sullivanmiller.com
       michelle.sullivan@sullivanmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No. CV-25-65-BLG-TJC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUR-REPLY OR, ALTERNATIVELY, TO DISREGARD OR STRIKE NEW ARGUMENTS RAISED IN DEFENDANT BLM'S REPLY BRIEF** |

**INTRODUCTION**

Defendant United States Bureau of Land Management ("BLM") does not deny that it incorporated new facts and arguments from Kraken's Motion for Summary Judgment and Brief ("Kraken's Motion") into its Reply in Support of BLM's Motion to Dismiss ("BLM's Reply").  BLM also does not deny that it made new arguments in its Reply.  BLM simply believes that such incorporation is not harmful to Phoenix because Phoenix was able to respond to Kraken's Motion. By that logic, any reply brief could incorporate new arguments so long as those arguments were made somewhere else by another party. That is, fortunately, not the standard.

**ARGUMENT**

**A. Section 702 Does Not Incorporate the MLA'S 90-day Statute of Limitations.**

BLM claims that it has not made a new argument because it simply responded to Phoenix's assertion that the Court has jurisdiction under 5 U.S.C. § 702. Specifically, BLM claims that the APA "integrates the Mineral Leasing Act's (MLA) 90-day limitations period – which Phoenix violated." Doc. 67, at 4. Section 702 <u>does not</u> integrate a ninety-day statute of limitations period from the MLA. This is exactly why Phoenix has requested the opportunity for a sur-reply: BLM's new arguments are wrong, and Pheonix is entitled to brief those issues. The statute of

limitations for an APA claim brought under 5 U.S.C. § 702 is six years pursuant to 28 U.S.C. § 2401(a). It is not ninety days under the MLA.

The United States Supreme Court has consistently applied the six-year statute of limitations to APA cases brought under § 702. *See Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799, 807-08 (2024). Notably, the six-year statute of limitations in § 2401 is not a statute of repose like the ninety-day statute of limitations in the MLA (based upon when an agency action becomes final). *Id.* at 812. Instead, "§2401(a)'s plaintiff-focused language makes it an accrual-based statute of limitations." *Id.* at 813. A statute of limitations is different than a statute of repose. A statute of repose, like the MLA provision, reflects a "legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Id.* at 812-83 (quoting *CTS Corp v. Waldburger*, 573 U.S. 1, 8-9 (2014)). In contrast, statute of limitations "require plaintiffs to pursue diligent prosecution of known claims." *Id.* at 812.

The ninety-day statute of repose in the MLA is <u>not</u> applicable to claims brought under the APA. *Id.* Instead, the six-year statute of limitations in 28 U.S.C. § 2401(a) governs. The fact that Phoenix is even making this argument <u>while</u> requesting a sur-reply shows exactly why a sur-reply is necessary. BLM made new arguments in its Reply, and those new arguments are incorrect. Phoenix should be able to respond to the new arguments or the Court should strike them. *Provenz v.*

*Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

**B. Phoenix Has Not Had an Opportunity to Respond to the New Arguments Raised in BLM's Reply.**

BLM's last argument is that Phoenix was not deprived of a chance to respond because it filed a response to a different motion brought by a different defendant. BLM incorporated large portions of Kraken's briefing on Kraken's Motion but claims that this is not precluded because Phoenix responded on January 19th to Kraken's Motion. The problem, of course, is that while BLM has incorporated Kraken's arguments into its Reply, it is impossible for Phoenix to incorporate its response to Kraken's Motion into its response to BLM's new arguments because Phoenix could only do so <u>in a sur-reply.</u>

Apparently, BLM thinks that Phoenix is not prejudiced because it expects the Court to review all the summary judgment briefing on Kraken's Motion in order to decide BLM's Motion. The fact that Phoenix was able to respond to Kraken's Motion does not mean it had an opportunity to respond to BLM's new arguments. As demonstrated above, BLM's new arguments are substantial and are based upon incorrect law.

Notably, Phoenix <u>did not</u> respond to BLM's new statute of limitations argument in response to Kraken's Motion because Kraken's Motion had nothing to do with the APA; it was limited to Kraken's arguments under the MLA. Phoenix

4

was not required to waste its limited words in its responsive brief to Kraken's Motion by addressing a separate, off-topic claim made by BLM in BLM's Reply. Conflating the two Motions, as BLM has done, violates Phoenix's rights to due process. More importantly, it demonstrates exactly why Phoenix is entitled to a sur-reply or entitled to the Court striking BLM's new arguments.

## CONCLUSION

Allowing a limited sur-reply will assist the Court in resolving BLM's Motion on a complete record. Alternatively, declining to consider arguments raised for the first time in BLM's Reply will avoid the need for piecemeal adjudication. Either option falls within the Court's discretion and avoids prejudice to the parties.

Dated this 30th day of January, 2026.

/s/ Adrian A. Miller
Adrian A. Miller
Michelle M. Sullivan
Sullivan Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone (406) 403-7066
adrian.miller@sullivanmiller.com
michelle.sullivan@sullivanmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

*Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned, Adrian A. Miller, certifies that this Brief complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 818, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Adrian A. Miller
Adrian A. Miller

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2026, the foregoing was served by the Clerk of the U.S. District Court of Montana, Billings Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

/s/ Adrian A. Miller
Adrian A. Miller