Brianne C. McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, Montana 59103-0639
Telephone: 406.252.2166
Fax: 406.252.1669
*bcmcclafferty@hollandhart.com*

Matthew J. Salzman, *pro hac vice*
Holland & Hart LLP
2811 W. 66th Terrace
Mission Hills, KS 66208
Telephone: 913.558.1221
*mjsalzman@hollandhart.com*

Utsarga Bhattarai, *pro hac vice*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8168
*ubhattarai@hollandhart.com*

*Attorneys for Defendants Kraken Oil & Gas,
LLC, and Kraken Operating, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | ) ) ) ) | Cause No. CV-25-65-BLG-TJC |
| Plaintiff, | ) ) ) | **KRAKEN OIL & GAS LLC AND KRAKEN OPERATING LLC'S BRIEF IN SUPPORT OF MOTION FOR STAY** |
| KRAKEN OIL & GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants Kraken Oil & Gas, LLC and Kraken Operating, LLC (collectively, "Kraken") submit this Brief in Support of its Motion for Stay.

## I.   INTRODUCTION

Kraken acknowledges that motions staying discovery are disfavored in this Court, but the unique circumstances of this case compel it to seek this relief. There are two pending dispositive motions, each of which raises legal issues designed to be addressed at the outset of cases, in part, to avoid the unnecessary waste of resources necessary to engage in expensive time-consuming litigation.

Kraken's Motion for Summary Judgment or, in the Alternative, to Dismiss points out that this case was filed long after the jurisdictional statute of limitations expired, which deprives this Court of subject matter jurisdiction, and includes laches and primary jurisdiction arguments. (Doc. 50) (Motion); (Doc. 51) (Brief). BLM's Motion to Dismiss is based on there being no waiver of sovereign immunity that would allow this Court to assume subject matter jurisdiction over Plaintiff's claims against it. (Doc. 45 (Motion)); (Doc. 46 (Brief)).  The bases for dismissal are jurisdictional and cannot be cured by amending the Complaint.

Following the briefing of these motions, the parties have expended substantial resources in conducting a significant amount of written discovery and producing thousands of pages of documents and electronically-stored information. Phoenix and Kraken have met regarding discovery disputes and are engaged in the

process of supplementing discovery with even more documents. Now, with the deadlines in the Scheduling Order looming, the parties are on the cusp of scheduling depositions of party witnesses, considering third-party witness depositions, and preparing their expert disclosures.

This litigation already has been expensive and time-consuming, but it is about to reach another level for all parties. Kraken is mindful of the need for the Court to manage its docket and keep cases moving on schedule but respectfully suggests that those valid concerns do not apply when the case was not brought within the statute of limitations and/or is not otherwise within this Court's subject matter jurisdiction.

The parties will not be prejudiced, and there is zero risk of any irreparable harm to anyone, if this litigation were stayed until the Court has the opportunity to fully consider and rule on the pending dispositive motions. Any remaining claims in the operable complaint will be able to move forward following a ruling on the dispositive motions. On the other hand, the time and resources the parties (and nonparties) (and possibly the Court) will spend on discovery and potential discovery-related motions can never be recovered. Not staying this particular case runs afoul of the very first Rule of Civil Procedure. Consequently, Kraken moves this Court to stay the case until it rules on the pending motions.

## II.    PROCEDURAL BACKGOUND

On August 6, 2024, Plaintiff was advised that it was the successful bidder of a parcel consisting of an interest in federal minerals, resulting in it receiving an oil and gas lease from the BLM on September 19, 2024, effective on October 1, 2024. (Doc. 34 at ¶¶ 21-22 (Statement of Stipulated Facts)).

Plaintiff's claims in this case are premised on BLM's authority (or lack thereof) under the Mineral Leasing Act ("MLA"), which requires that any claims be brought within ninety (90) days. 30 U.S.C. § 226-2; (Doc. 51 at 4-9).

On May 15, 2025—226 days after the effective date of Plaintiff's lease—Plaintiff filed its Complaint in this lawsuit against Kraken and the BLM without alleging any waiver of sovereign immunity. (Doc. 1).

On December 12, 2025, BLM filed its motion to dismiss based on Plaintiff's failure to allege a waiver of the federal government's sovereign immunity. (Doc. 45 (Motion)); (Doc. 46 (Brief)). That motion (and a related motion to strike/for leave to file a sur-reply filed by Plaintiff) was fully briefed on January 30, 2026.

On December 15, 2025, Kraken filed its motion for summary judgment based on Plaintiff filing this case long after 30 U.S.C. § 226-2's 90-day jurisdictional statute of limitation expired and laches. In the alternative, Kraken's motion seeks dismissal of this case based on the IBLA's primary jurisdiction over

3

Plaintiff's claims (had they been timely asserted). (Doc. 50 (Motion)); (Doc. 51 (Brief)). That motion was fully briefed on February 18, 2026.

Since the filing of the motions, the parties have served and responded to a total of twelve different sets of interrogatories, production requests, and admission requests, and have produced approximately 5,760 pages of documents, which production is continuing and being supplemented.

The parties have not yet started taking depositions. They will need to schedule those and consider nonparty depositions and retention of experts given the Scheduling Order's (Doc. 39) upcoming July 31, 2026, deadline for liability expert disclosures.

### III.    ARGUMENT

Kraken recognizes that stays of discovery are not reflexively or frequently issued, even if early dispositive motions are pending before the Court. But there is good cause for granting a stay here under the specific circumstances of this case.

Both Kraken and the BLM have raised threshold jurisdictional issues. BLM urges that Plaintiff has failed to plead a valid waiver of sovereign immunity and BLM is immune from Plaintiff's claims. (Doc. 46 at 3-4). Kraken argues that 30 U.S.C. 226-2's statute of limitations was intended by Congress to be jurisdictional, thereby limiting this Court's subject matter jurisdiction and requiring dismissal under Rule 12(b)(1). (Doc. 51 at 12 n.3). Further, aside from the jurisdictional

4

nature of the statute, summary judgment should be entered against Plaintiff's Complaint as it was filed after the 90-day limitations period had run more than two-and-a-half times. (Doc. 70 (Reply) at 1-8).

Courts in the Ninth Circuit commonly approve discovery stays when immunity and jurisdiction are at issue. *See, e.g., Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery until immunity issue was decided was proper because "[t]he stay furthers the goal of efficiency for the court and litigants"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, at *601 (D. Nev. Dec. 12, 2011) (noting that jurisdiction is a "common" ground for staying discovery). Indeed, the early resolution of these jurisdictional issues before extensive discovery was the very purpose of the Court's December 15, 2025 deadline to file jurisdictional challenges. (Doc. 39). Defendants complied with that deadline, and both motions are fully briefed.

The same rationale applies when a plaintiff has initiated a lawsuit after the statute of limitations likely has expired as a matter of law. *See, e.g., Dobson v. C R Bard Inc.*, 2024 U.S. Dist. LEXIS 249760, at *5 (D. Ariz. May 29, 2024) (granting stay of discovery when statute of limitations motion was pending that "boil[ed] down" to only "legal determinations"); *Urban Outfitters, Inc. v. Dermody Operating Co. LLC*, 2021 U.S. Dist. LEXIS 152693, at *12-13 (D. Nev. Aug. 13, 2021) (granting discovery stay when claim was filed several years late under 6-

year statute of repose). Here too, a "stay furthers the goal of efficiency for the court and litigants." *Cf. Little*, 863 F.2d at 685.

Likewise, as to primary jurisdiction (which could result in the matter being referred to the IBLA), courts have recognized that a discovery stay furthers the purpose of Rule 1 when discovery would "potentially waste judicial resources" while there is "a chance" that the case would proceed in a different forum. *Shefsky v. Wynn L.V., LLC*, 2025 U.S. Dist. LEXIS 163160, at *9-10 (D. Nev. Aug. 22, 2025).

Kraken's research has not revealed a definitive Ninth Circuit test for when a discovery stay should issue, but district courts routinely consider the following factors: (1) whether the motion(s) will be "dispositive of the entire case or at least dispositive on the issue on which discovery is sought," (2) whether additional discovery is needed to decide the motions, and (3) whether a stay is consistent with Rule 1's goal of the "just, speedy, and inexpensive determination of every action." *Tradebay, LLC* 278 F.R.D. at *602. All these factors support the issuance of a discovery stay here.

First, both motions will be dispositive of the entire case. If Plaintiff has failed to meet its burden to establish a waiver of the BLM's sovereign immunity, all of Plaintiff's claims against BLM must be dismissed. (Doc. 46 at 5). If the MLA's 90-day statute of limitations applies to Phoenix's late-filed Complaint

6

(which relies on and cites to the MLA and its regulations), the Complaint must be dismissed against all Defendants. (Doc. 51 at 5-6; Doc 70 at 1-8).

Second, no additional discovery is necessary to decide the motions. The issue of sovereign immunity is a pure question of law. Likewise, there are no genuinely disputed material facts relevant to the pending motions, as Phoenix filed its Complaint on May 15, 2025, which is far more than 90 days from any of the possible BLM decisions which could have triggered the MLA's 90-day statutory period. (Doc. 51 at 10-12); (Doc 70 at 1-8).

Third, a discovery stay here would promote Rule 1's objective of a "just, speedy, and inexpensive determination" of the action. Specifically, with the expert disclosure deadlines in the near future, the parties will need to retain experts and schedule party depositions and potentially non-party depositions. Kraken respectfully submits that allowing litigation to progress to this level only makes common sense if it is first determined that the court has jurisdiction and that the case is not barred as a matter of law by the statute of limitations. Otherwise, this significant effort and expense will potentially be wasted. *See Patten v. Deschamps*, 2018 U.S. Dist. LEXIS 227373, at *4 (C.D. Cal. Sep. 7, 2018) (granting discovery stay to determine if case was barred by statute of limitations to avoid "burden and expense of discovery," "inefficiency," and "waste of time"); *see also Little*, 863

7

F.2d at 685 (noting that "a stay [can] further[] the goal of efficiency for the court and litigants.")

Furthermore, Kraken notes that the parties have not sat back and waited for the Court's rulings. Instead, they have diligently engaged in written discovery as set forth above. They have met and conferred on several issues with their respective discovery responses and resolved some of them.

Staying this case to allow the Court time to consider the jurisdictional issues raised by Kraken and BLM, whether this case was timely filed, and whether it is located in the correct forum will not prejudice any party. Plaintiff's claims are an effort to obtain production proceeds net of expenses for the six years preceding the effective date of its oil and gas lease—meaning, at bottom, Plaintiff is seeking money, which, if the Court denies the motions, Plaintiff can pursue at that time. On the other hand, if the Court grants the motions, then all the time, effort, and expense that is incurred by all parties, the Court, and potential nonparties absent a stay can never be recovered.

## IV.    CONCLUSION

For all of these reasons, Kraken respectfully moves for a stay of the litigation to allow the Court to consider and rule on the pending dispositive motions to determine whether Plaintiff filed this case after the statute of limitations expired and whether it has subject matter jurisdiction over this case.

Dated this 22nd day of May, 2026.

*/s/ Brianne C. McClafferty*

*/s/ Matthew J. Salzman*
Brianne C. McClafferty
Matthew J. Salzman
Utsarga Bhattarai
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL AND GAS, LLC AND
KRAKEN OPERATING, LLC

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d), I certify that the above brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, and the word count, calculated by Microsoft Office Word, is 1,850 words, excluding the caption, signature block, and Certificate of Compliance.

*/s/ Brianne C. McClafferty*

37870502_v4

10