Brianne C. McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, Montana 59103-0639
Telephone: 406.252.2166+
Fax: 406.252.1669
*bcmcclafferty@hollandhart.com*

Matthew J. Salzman, *pro hac vice*
Holland & Hart LLP
2811 W. 66th Terrace
Mission Hills, KS 66208
Telephone: 913.558.1221
*mjsalzman@hollandhart.com*

Utsarga Bhattarai, *pro hac vice*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8168
*ubhattarai@hollandhart.com*

*Attorneys for Defendants Kraken Oil & Gas, LLC, and Kraken Operating, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | Cause No. CV-25-65-BLG-TJC |
| Plaintiff, | **KRAKEN DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO LOCAL RULE 16.5** |
| KRAKEN OIL & GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

Plaintiff Phoenix Energy One, LLC ("Phoenix") has moved the Court for an order compelling the parties to mediate before the Court decides the pending dispositive motions pursuant to Local Rule 16.5(c)(1) (Doc 76) ("Motion").  That rule allows this Court the discretion to order mediation *sua sponte* or on the motion of a party.  Defendants Kraken Oil and Gas, LLC, and Kraken Operating, LLC (collectively, "Kraken") oppose the motion.  While mediation typically is a productive use of time and resources, that is not true in this case.

Kraken filed a Motion for Summary Judgment or alternatively a Motion to Dismiss on December 15, 2025 (Doc. 50; Doc. 51) ("Kraken's Dispositive Motion").  As Phoenix correctly notes "Kraken has been generally opposed to mediation idea [sic] because it is confident that its Motion for Summary Judgment will be granted and will dispose of this case."  Motion at 2.

As part of its justification for its Motion, Phoenix correctly notes that the parties are on the cusp of the next stage of discovery, which will be expensive for the parties, inconvenience witnesses (potentially including non-parties), experts, and potentially consume Court resources with discovery disputes.  *See* Motion at 2. Hence, Kraken filed its Motion to Stay to pause discovery to afford time to decide the pending dispositive motions focused on the statute of limitations and jurisdiction.  (Doc. 73; Doc. 74).

2

Phoenix's Motion then makes two telling statements, which reveal it is nothing more than a veiled attempt to avoid the Court ruling on the pending dispositive motions.  First, Phoenix agrees to Kraken's Motion to Stay, but only if the Court also stays its consideration of the pending dispositive motions.  Motion at 2.  Second, according to Phoenix, mediation must occur before the Court decides the pending motions because "mediation is successful when all parties are facing risk."  *Id*. at 3.  Collectively, these statements imply an admission by Phoenix that one of the parties will not have risk following the Court's ruling.

In terms of risk, the pending dispositive motions do not address the questionable merits of Phoenix's novel claims; rather, they point out that Phoenix chose to bring its claims well after the allowed time to do so and in the wrong forum.  Thus, if they are denied, all parties would face the risk of the merits of the claims in the Complaint—just like almost every other case.  The only way for a party not to have risk following the Court's ruling, and thereby requiring mediation now for it to be "successful," is if the Court grants the motions and disposes of this case.  Kraken agrees with this implied admission that Kraken's Dispositive Motion is well-founded and has a strong chance (and should be) granted.

Kraken should not be forced to mediate questionable merits claims in the Complaint that Phoenix chose to file in this Court long after the statute of limitations expired.  Short of a nuisance value settlement, Kraken has no interest in

3

mediation at this time and has no reason to believe it would be anything other than a waste of time and resources.  Because it is always willing to listen, Kraken asked Phoenix for an opening settlement demand to either confirm or correct its belief. Phoenix refused to provide a written demand, which confirmed Kraken's belief that there is no reason to mediate the merits before rulings on the statute of limitations and jurisdiction.

Phoenix's Motion should be denied, Kraken's Motion for Stay should be granted to avoid the unnecessary "next phase" of "expensive" discovery Phoenix acknowledges should be avoided, and the Court should take the time it needs to thoroughly consider the pending dispositive motions.

Dated this 15th day of June, 2026.

/s/ Brianne C. McClafferty
Brianne C. McClafferty
Holland & Hart LLP

/s/ Matthew J. Salzman
Matthew J. Salzman (*pro hac vice*)
Utsarga Bhattarai (*pro hac vice*)
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL AND GAS, LLC AND
KRAKEN OPERATING, LLC

38082888_v5