Brianne C. McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, Montana 59103-0639
Telephone: 406.252.2166
Fax: 406.252.1669
*bcmcclafferty@hollandhart.com*

Matthew J. Salzman, *pro hac vice*
Holland & Hart LLP
2811 W. 66th Terrace
Mission Hills, KS 66208
Telephone: 913.558.1221
*mjsalzman@hollandhart.com*

Utsarga Bhattarai, *pro hac vice*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8168
*ubhattarai@hollandhart.com*

*Attorneys for Defendants Kraken Oil & Gas, LLC, and Kraken Operating, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC, | Cause No. CV-25-65-BLG-TJC |
| Plaintiff, | **KRAKEN DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY** |
| KRAKEN OIL & GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Defendants. | |

Phoenix acknowledges that discovery in this case is about to become exponentially more burdensome for the parties, the Court, witnesses, experts, and third parties as deposition and expert discovery deadlines draw closer. (Doc. 74 at 2, 7; Doc. 75 at 5, 15; Doc. 76 at 2). Phoenix agrees a stay in this case is appropriate and separately seeks its own stay. (Doc. 76). But, while the parties collectively seek a stay, they do so for opposite reasons. Both BLM and Kraken have filed timely threshold motions demonstrating that this Court lacks jurisdiction and that Phoenix has filed its claims long after they were barred by the applicable limitations period. (Doc. 74 at 5-7). Kraken's motion seeks a limited stay of discovery to afford the Court time to fully consider the pending dispositive motions, while Phoenix opposes Kraken's motion and seeks a broader stay to stop or delay the Court from ruling on those motions.[1] The Court should grant Kraken's motion and decide the pending threshold jurisdictional and limitations motions.

## <u>ARGUMENT</u>

Kraken agrees with Phoenix that the entry of a discovery stay requires more than "generalized concerns about cost" and that the Court should consider whether discovery would impose "undue" burdens before a stay is entered. (Doc. 75 at 10). Kraken has met the undue burden standard.

---

[1]    Kraken separately responded to Phoenix's motion to force Kraken to participate in what would be futile mediation in advance of the Court ruling on the dispositive motions.

Kraken invites the Court to ask questions like the following when considering Kraken's request for a limited stay:

- Does it impose an undue burden on BLM to engage in upcoming depositions and expert discovery before the Court determines if BLM is immune from Phoenix's suit?

- Is an undue burden imposed on Kraken to have to continue trying to resolve discovery disputes, conduct and defend numerous depositions, and work with retained experts in a suit brought (at best) 226 days—over two-and-a-half times the 90-day statute of limitations period—after the effective date of Phoenix's lease, especially given that the short limitations period was designed by Congress to give operators like Kraken certainty as to their ownership interests? (Doc. 51 at 6-13).

- Will an undue burden be imposed on this Court if the Court is forced to spend time on discovery disputes or other motions (*e.g.*, the ongoing dispute about whether the parties should be forced to mediate) in litigation brought by Phoenix without the required subject matter jurisdiction?

- Is it an undue burden on witnesses and third parties to prepare for and attend depositions in an action concerning Phoenix's lease issued by BLM under the Mineral Leasing Act (or "MLA") that Phoenix chose not to bring before

the IBLA, which regularly decides such disputes based on the administrative record without depositions?

The answer to these and several similar questions is "yes." A short stay of the next phase of discovery is necessary to avoid undue burden on the parties, witnesses, and the Court. And Kraken's Motion provides authorities supporting the issuance of a stay in the contexts of immunity and statute of limitations. (Doc. 74 at 5-6). Although Phoenix's response raises many distractions from the compelling justification for Kraken's Motion, the Court should not be persuaded by any of them.

## I.      Kraken's Motion for Summary Judgment, or in the Alternative to Dismiss, Properly Seeks Dismissal of All Seven of Plaintiff's Claims.

Phoenix contends that Kraken's Summary Judgment/Dismissal motion will only dispose of two of its seven claims because Phoenix only explicitly cites to the Mineral Leasing Act in its first two claims. (Doc. 75 at 2). But as explained in Kraken's underlying motion, the basis of every claim Phoenix asserts is its lease issued by BLM pursuant to its authority under the MLA, and Courts do not allow plaintiffs to plead around the limitations period by avoiding citation to the statute supplying the relevant statute of limitation (Doc. 51 at 5-6, 9 (citing, *inter alia, Turtle Island Restoration Network v. United States*, 438 F.3d 937 (9th Cir. 2006)).

Moreover, Phoenix's response ignores Kraken's separate grounds of primary jurisdiction and laches, either of which would dispose of the entire action,

rendering any discovery done in the interim useless. (Doc. 51 at 21-34). Phoenix's argument is therefore not a basis to deny Kraken's request for a stay or to avoid deciding the pending threshold dispositive motions.

## II.    Phoenix Would Not Be Prejudiced by a Stay.

Phoenix's response argues that it would be prejudiced by a stay because it claims there are disputed facts related to Kraken's underlying motion. (Doc. 75 at 4, 8-9). But briefing on Kraken's motion is complete, and Phoenix did not file an affidavit testifying that it could not present facts necessary to respond to Kraken's motion. Rule 56(d). While Phoenix's response to that motion makes certain arguments, it fails to specify any material fact in dispute. (Doc. 65 at 13-20). As explained in Kraken's motion and reply, there are no disputed material facts. (Doc. 51 at 19; Doc. 70 at 5-7). Phoenix's Complaint was so untimely in this case that Phoenix's deadline to file had long expired before it filed its Complaint. *Id.* The lack of additional discovery will not prejudice Phoenix, because there are no disputed or unknown material facts to discover.

Further, Phoenix's claims of prejudice in its Response cannot be reconciled with its separate Motion requesting that this Court enter a much broader stay of the entire case (including consideration of Kraken and BLM's pending threshold motions) to require the parties to mediate. (Doc. 76). The risk that the Court will grant Kraken and the BLM's well-founded motions is not true prejudice.

Finally, Phoenix's unsupported assertion that it faces "unrecoverable economic harm" (Doc. 75 at 14) from a short stay of depositions and expert discovery does not withstand the reality that Phoenix's claims are for monetary relief and are adequately protected by existing mechanisms such as pre-judgment interest.

## III.   Kraken's Pursuit of Discovery Was Proper and Necessary.

Phoenix's response accuses Kraken of "aggressive[ly]" pursuing discovery and claims that a motion to stay discovery is disfavored when some discovery has already occurred. (Doc. 75 at 3, 6 (citing *Depot, Inc. v. Caring for Montanans*, 2016 U.S. Dist. LEXIS 199647, at *1 (D. Mont. Dec. 7, 2016)). But *Depot, Inc.* does not say that a motion to stay discovery is "generally disfavored" when prior discovery has occurred as Phoenix suggests.[2] In this case, Kraken simply pursued discovery in compliance with the Court's Scheduling Order (Doc. 39) and necessarily continues to pursue discovery because no stay has yet been granted.

The fact that some written discovery already has occurred does not change the undue burden placed on the Court, the parties, and the witnesses in spending

---

[2]   Rather, in *Depot, Inc.*, the court denied a motion for a discovery stay primarily because the court had already reviewed the underlying motion to dismiss and indicated it would not be granted, and secondarily because the case had previously been litigated with substantial discovery in state court through appeal to the Montana Supreme Court, so little additional discovery was necessary. 2016 U.S. Dist. LEXIS 199647,at *2, 4.

tens to hundreds of thousands of dollars and numerous hours of effort on the next phase of discovery if Phoenix's claims are legally barred by the statute of limitations, laches, primary jurisdiction, and/or sovereign immunity. Phoenix itself concedes the expense and burden of the next stage of litigation in its separate motion. (Doc. 76 at 2).

**IV.    The Preliminary Peek Test Supports Kraken, Not Phoenix.**

Phoenix invites the Court to take a "preliminary peek" at the merits of Kraken and BLM's underlying motions when deciding Kraken's Motion for Stay. (Doc. 75 at 8-9). Should the Court be inclined to "peek" at Kraken's motion, the Court will see that (1) the Complaint's claims are all premised on an oil and gas lease issued to it by BLM under the Mineral Leasing Act subject to certain terms in a preexisting agreement, (2) Phoenix's claims are barred by the MLA's statute of limitations, even selecting the starting point for the statutory period most favorable to Phoenix, (3) with regard to laches, Phoenix had notice of the existence of the preexisting agreement but still failed to bring suit until the limitations period expired multiple times over, and (4) even if the Complaint were timely filed, the IBLA has primary jurisdiction and is the proper forum to determine the scope of the BLM's authority regarding communitization agreements and issuing leases subject to them. (Doc. 51). This Court can dispense of Phoenix's claims on any of the above grounds.

Indeed, Phoenix's response itself demonstrates that Kraken's underlying motion should be granted. Phoenix admits that it is requesting that this Court cancel the lease issued to Phoenix by BLM. (Doc. 75 at 5). The MLA's statute of limitations, 30 U.S.C. § 226-2, states "[n]o action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary." Plainly, Phoenix cannot maintain its claim for lease cancellation, which "involve[s] an[] oil and gas lease" because it waited 226 days after its lease was effective to file a Complaint seeking lease cancellation. (Doc. 51 at 12).

## **CONCLUSION**

Kraken and the BLM's motions raise the threshold issue of whether Phoenix is entitled to maintain this suit in this Court in the first instance. The next phase of discovery, which will be unnecessary if the Court grant's Kraken's dispositive motion, would impose an undue burden on all parties, including Phoenix, the Court, witnesses, experts and third parties. Kraken respectfully requests the entry of a discovery stay to allow the Court to rule on the threshold dispositive motions.

Dated this 15th day of June, 2026.

*/s/ Brianne C. McClafferty*
Brianne C. McClafferty
Holland & Hart LLP

*/s/ Matthew J. Salzman*
Matthew J. Salzman (*pro hac vice*)
Utsarga Bhattarai (*pro hac vice*)
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL AND GAS, LLC AND
KRAKEN OPERATING, LLC

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d), I certify that the above brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, and the word count, calculated by Microsoft Office Word, is 1,624 words, excluding the caption, signature block, and Certificate of Compliance.

/s/ Brianne C. McClafferty

38133654_v5