Adrian A. Miller
Michelle M. Millhollin
Millhollin Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone: 406-605-3910
Email: adrian.miller@millhollinmiller.com
        michelle.millhollin@millhollinmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

Ross M. Good
The Good Law Group
800 E. Northwest Hwy, Ste. 814
Palatine, IL 60074
Telephone: 847-600-9576
Email: Ross@thegoodlawgroup.com
*Admitted Pro Hac Vice*

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC )<br>f/k/a PHOENIX CAPITAL )<br>GROUP HOLDINGS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRAKEN OIL AND GAS, LLC, )<br>KRAKEN OPERATING, LLC, and )<br>UNITED STATES BUREAU OF )<br>LAND MANAGEMENT, )<br>)<br>Defendants. | Cause No. CV-25-65-BLG-TJC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR MEDIATION PURSUANT TO LOCAL RULE 16.5** |

Plaintiff Phoenix Energy One, LLC ("Phoenix") moved the Court for an order requiring the parties to participate in mediation pursuant to Local Rule 16.5(c)(1). Defendant United States Bureau of Land Management ("BLM") did not respond to that. Thus, BLM does not oppose the Motion and is apparently willing to mediate. The Kraken Defendants, however, oppose mediation because they believe that the Court will grant their Motion for Summary Judgment.

Local Rule 16.5 states that "the court encourages mediation and neutral evaluation as alternative dispute resolution ("ADR") procedure." Further, parties "must" consider using ADR procedure at an appropriate point in the litigation. L.R. 16.5. Although Kraken believes that it is appropriate for the Court to stay all remaining discovery in this case, even after the parties have already engaged in substantial discovery, it does not believe that mediation is appropriate. In other words, Kraken wants to stop defending this case and stop spending money on its defense, but it refuses to consider mediation. The only acceptable outcome for Kraken is for the Court to inhibit Phoenix from moving forward with its case while Kraken awaits a decision on a motion it filed six months ago. Phoenix has the right to proceed with this case, but it will agree to a stay for purposes of mediation.

Kraken has also misinterpreted Phoenix's motivation for mediation. Notably, Phoenix first suggested mediation on December 18, 2025, in a conversation between counsel for Phoenix and counsel for Kraken. At that time, the undersigned also

explained Phoenix's thoughts on a potential settlement. Kraken's claim that Phoenix has refused to give it a written settlement offer, so that Kraken may assess whether it will participate in good faith mediation, is a red herring. The undersigned already discussed potential options for settlement six months ago. The undersigned has also offered twice in the last month to schedule a phone call with Kraken's counsel to discuss settlement thoughts again. Kraken has refused, and it continues to insist on a written, formal offer. As the Court knows, a party is not required to give a written formal offer prior to mediation, particularly when there are multiple parties involved in a case. Moreover, in a three-party case where BLM has not engaged, a unilateral written demand to Kraken alone would prejudice mediation positioning with BLM.

As shown by this timeline, Phoenix did not request mediation because it believes any of the dispositive motions will be granted. And as shown in Phoenix's Response to Kraken's Summary Judgment Motion, there are substantial issues of material disputed facts that prevent Kraken's success. Kraken decided it would rather aggressively pursue discovery instead of mediating this case earlier. After doing so, Kraken now wants the Court to stay additional discovery right as Phoenix is attempting to schedule depositions. Kraken's actions bely its claim that it now needs a stay of discovery to save money.

Notably, Kraken's unilateral refusal to participate in scheduled depositions is not a substitute for a court-ordered stay and only highlights its preference to control

the pace of the case. BLM similarly has not produced documents responsive to Phoenix's requests for production despite stating it has such documents to produce. In other words, Defendants are not participating in discovery, regardless of whether the Court grants Kraken's Motion to Stay.

Given these facts, mediation is the next logical option. Phoenix has been willing to stay this case and attend mediation for the past six months. It is still willing to do so. Phoenix will not, however, agree to only stay discovery after Kraken spent the last six months aggressively pursuing its defense, including conducting discovery on the very issues Kraken claims will entitle it to summary judgment. If Kraken wanted to save money on its defense of this case, it could have done so by accepting Phoenix's mediation offer six months ago.

Rule 16.5 also states that the parties are obligated to attend mediation in "good faith." Kraken has informed the Court that it has no intention of meeting this obligation if the Court determines that mediation is appropriate. Notably, Rule 16.5(b)(4)(B) allows for sanctions against a party who refuses to meet the good faith standard stating "[f]ailure to participate in good faith may result in the imposition of sanctions against the offending party." While Kraken's admission is an interesting tactic, hopefully it will change its mind if the Court determines that mediation is appropriate. Phoenix requests that the Court grant its Motion and order the parties to participate in good faith mediation.

4

Dated this 22, day of June, 2026.

/s/ Adrian A. Miller
Adrian A. Miller
Michelle M. Sullivan
Millhollin Miller Law PLLC
2812 1st Avenue North, Suite 225
Billings, MT 59101
Telephone (406) 403-7066
adrian.miller@millhollinmiller.com
michelle.sullivan@millhollinmiller.com

Brian D. Lee
LEE LAW OFFICE PC
P.O. Box 790, 158 Main Street
Shelby, MT 59474
Telephone: (406) 434-5244
Email: brian@leelawofficepc.com

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, Adrian A. Miller, certifies that this Brief complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 1,091 excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Adrian A. Miller
Adrian A. Miller

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2026, the foregoing was served by the Clerk of the U.S. District Court of Montana, Billings Division, through the Court's CM/ECF system, which sent a notice of electronic filing to all counsel of record.

/s/ Adrian A. Miller
Adrian A. Miller
