Brianne C. McClafferty
Holland & Hart LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, Montana 59103-0639
Telephone: 406.252.2166
Fax: 406.252.1669
*bcmcclafferty@hollandhart.com*

Matthew J. Salzman, *pro hac vice*
Holland & Hart LLP
2811 W. 66th Terrace
Mission Hills, KS 66208
Telephone: 913.558.1221
*mjsalzman@hollandhart.com*

Utsarga Bhattarai, *Pro Hac Vice*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8168
*ubhattarai@hollandhart.com*

ATTORNEYS FOR DEFENDANTS KRAKEN OIL & GAS LLC
AND KRAKEN OPERATING, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC<br><br>Plaintiff,<br><br>KRAKEN OIL & GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | Cause No. CV-25-65-BLG-TJC<br><br>**KRAKEN OIL & GAS LLC AND KRAKEN OPERATING LLC's ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AGAINST DEFENDANT BUREAU OF LAND MANAGEMENT** |

Defendants Kraken Oil & Gas LLC and Kraken Operating, LLC (collectively "Kraken"), by and through their attorneys, Holland & Hart LLP, submit this Answer to the Amended Complaint for Declaratory Judgment Against Defendant Bureau of Land Management ("Complaint") filed by Plaintiff Phoenix Energy One, LLC f/k/a Phoenix Capital Group Holdings, LLC ("Phoenix").[1] The paragraphs, as well as the headings and subheadings below, correspond to those in the Complaint.[2] All allegations not specifically admitted below are denied. Kraken renews its demand for a jury. (Doc. 25).

## PARTIES

1. Kraken is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

2. Admitted.

3. Admitted.

4. Admitted.

[1] The Amended Complaint states that it is only "Against Bureau of Land Management" but Defendant Kraken responds as a named Defendant and because allegations in the original Complaint (Doc. 1) have been amended.

[2] Kraken does not admit, but rather specifically denies, any factual or legal allegations contained in the headings and subheadings.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, admits that the mineral interests at issue in this litigation are in Richland County, Montana and that Richland County, Montana is located in the Billings Division for the District of Montana.

6. Paragraph 6 of the Complaint sets forth only legal conclusions, to which no response is required. To the extent a response is required, denied.

## FACTS COMMON TO ALL COUNTS

7. Admitted.

8. Admitted.

9. Denied. Kraken has leased the majority, but not all, of the "other undivided one half (1/2) of the oil, gas and associated hydrocarbons from their private owner(s)."

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted that the MBOGC issued a pooling order concerning Sections 21 and 28 of Township 26 North, Range 59 East on December 13, 2018. The remainder of the allegations in Paragraph 13 of the Complaint purport to summarize a written document, the language of which speaks for itself.

14. Paragraph 14 of the Complaint purports to summarize a judicial decision, the language of which speaks for itself.

15. Kraken denies that The Dagney 33-21 #3H well was spud on October 19, 2020. Kraken also denies that the Dagney 33-21 #4H was spud on October 17, 2020. Kraken denies that these wells began producing on January 1, 2021.

16. Admitted.

17. Kraken admits that the decision in *Wildearth Guardians v. United States BLM*, 457 F. Supp. 3d 880 (D. Mont. 2020) was issued on May 1, 2020, and that Kraken previously submitted a Communization Agreement, MTM 111087, that the BLM approved on April 8, 2021, effective as of June 1, 2018 (the "Original CA"). Both that decision and the Original CA speak for themselves.

18. Kraken admits that the Original CA was approved by the BLM. The remainder of the allegations in Paragraph 18 of the Complaint purport to summarize a written document, the language of which speaks for itself.

19. Admitted.

20. Kraken denies filing a "petition" with the MBOGC. Kraken will interpret "petition" to mean "application" and refer to the particular Application referenced in Paragraph 19. With that interpretation, the allegations in Paragraph 20 of the Complaint purport to summarize a written document, the language of which speaks for itself. Kraken, however, specifically denies the allegation that the

Application identifies Kraken as "the working interest owner" of the "Federal Minerals." Instead, the Application actually states that Kraken is one of four working interest owners in the tract that contains the Federal Minerals, which Phoenix knows to be a true statement given its allegations in Paragraph 9.

21. Kraken denies filing a "petition" with the MBOGC. Kraken will interpret "petition" to mean "application" and refer to the particular Application referenced in Paragraph 19. Kraken admits that the decision in *Wildearth Guardians v. United States BLM* was issued on May 1, 2020. Kraken states that decision speaks for itself. Kraken admits that, when it submitted the Application on April 8, 2021, it was a working interest owner in the Lands, as that term is used in the Complaint, and the same tract of land containing the so-called Federal Minerals by virtue of Kraken's leases with the private owners of the other undivided one-half interest in the oil, gas, and associated hydrocarbons. Kraken further states that Phoenix is well aware of this fact as it previously alleged it (*see* Paragraph 9). Kraken specifically denies Phoenix's apparently intentionally misleading allegation or implication that Kraken made a false statement in it April 8, 2021 Application. *See* Answer to Paragraph 20.

22. Kraken admits that the MBOGC issued a pooling order on April 8, 2021. The remainder of the allegations in Paragraph 22 of the Complaint purport to summarize a written document, the language of which speaks for itself.

23. Kraken admits that it proposed a compensatory royalty agreement ("CRA") to BLM by letter on September 21, 2021. Kraken also admits that BLM denied Kraken's request.

24. Kraken admits that it appealed from BLM's decision not to enter into a compensatory royalty agreement with Kraken to the Interior Board of Land Appeals ("IBLA").

25. Kraken admits that the IBLA issued a decision regarding Kraken's appeal on September 14, 2022. The remainder of the allegations in Paragraph 25 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

26. Admitted with respect to the Federal Minerals as that phrase is used in the Complaint.

27. Kraken admits that it executed an Amended Communitization Agreement with the BLM on or about June 2023, effective as of June 1, 2018 (the "Amended CA"). The remainder of the allegations in Paragraph 27 of the Complaint purports to summarize a written document, the language of which speaks for itself.

28. Paragraph 28 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

29. Kraken admits that it executed a new Communitization Agreement with the BLM on or about June 2023, effective as of January 11, 2021 (the "New CA").

The remainder of the allegations in Paragraph 29 of the Complaint purports to summarize a written document, the language of which speaks for itself.

30. Paragraph 30 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

31. Kraken admits that there is no separate CRA between it and the BLM concerning the minerals at issue in this case. *See* Answer to Paragraph 26. Kraken denies the remaining allegations in Paragraph 31 of the Complaint.

32. Denied.

33. Kraken admits that, unlike the lease BLM awarded to Phoenix in this case, both the Amended CA and the New CA are effective retroactively by their plain terms. Kraken admits that the Amended CA is effective as of June 1, 2018, and that the New CA is effective as of January 11, 2021.

34. Denied.

35. Kraken denies that the only agreement between BLM and Kraken covering the three years between June 2020 and June 2023 was the 2021 CA, as that term is used in the Complaint. The remainder of the allegations in Paragraph 35 of the Complaint purport to summarize a written document, the language of which speaks for itself.

36. Paragraph 36 of the Complaint purports to summarize a written document, the language of which speaks for itself. To the extent a response is

required, Kraken denies that the 2021 CA, as that term is used in the Complaint, is the effective CA for the time period set forth in Paragraph 36.

37. Admitted.

38. Denied.

39. On information and belief, admitted.

40. Kraken admits that Phoenix reached out to Kraken requesting an accounting after Phoenix was awarded the Lease, as that term is defined in the Complaint. The remainder of the allegations in Paragraph 40 of the Complaint set forth legal conclusions, to which no response is required. Kraken, however, expressly denies that Phoenix has rights to net revenues for the Federal Minerals "since inception."

41. Kraken admits that it declined to provide Phoenix an accounting for the period prior to October 1, 2024, because Phoenix is not entitled to an accounting for this period under the applicable agreements.

42. Kraken admits that Phoenix has no rights or obligations pertaining to the Federal Minerals, as that phrase is used in the Complaint, prior to the effective date of its Lease, as that term is used in the Complaint. Kraken denies that it claims to be "entitled to all revenues for the unleased Federal Minerals until the effective date of the Lease." The remainder of the allegations in Paragraph 42 of the

Complaint purport to summarize a written document, the language of which speaks for itself.

43. Paragraph 43 of the Complaint purports to summarize a written document, the language of which speaks for itself.

44. Paragraph 44 of the Complaint sets forth legal conclusions and purports to summarize a written document, the language of which speaks for itself. Kraken, however, specifically denies that any CA or federal law gives Phoenix the right to revenue attributable to the Federal Minerals, as that phrase is used in the Complaint, before Phoenix acquired any ownership interest in those Federal Minerals.

45. Denied.

**COUNT I – DECLARATORY JUDGMENT**
**(Violation of 30 U.S.C. § 226 & 43 CFR § 3105.22)**

46. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-45 of the Complaint.

47. Paragraph 47 of the Complaint purports to summarize written documents, the language of which speak for themselves.

48. Kraken denies that it "attempted to mirror language" from some unidentified CRA. *See* Answer to Paragraph 32. The remainder of the allegations in Paragraph 48 of the Complaint purport to summarize a written document, the language of which speaks for itself.

49. Paragraph 49 of the Complaint purports to summarize and partially quote a federal statute, the language of which speaks for itself.

50. Paragraph 50 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

51. Paragraph 51 of the Complaint purports to summarize and quote a federal regulation, the language of which speaks for itself.

52. Denied.

53. Paragraph 53 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

54. Kraken admits that Phoenix was not a party to the New CA or Amended CA when they were executed. Kraken, however, specifically denies that Phoenix is not currently a party to, or bound by, the New CA and the Amended CA.

55. Denied.

56. Denied.

57. Paragraph 57 of the Complaint sets forth only legal conclusions, to which no response is required.

58. Paragraph 58 of the Complaint sets forth only legal conclusions, to which no response is required.

59. Paragraph 59 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that the BLM exceeded its authority under 30 U.S.C. § 226(m) and 43 CFR § 3105.22.

60. Paragraph 60 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that the Amended CA or the New CA violate federal law. Kraken also specifically denies that Phoenix is entitled to any declaration.

61. Paragraph 61 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaration.

**COUNT II – DECLARATORY JUDGMENT**
**(Section 5 of the 2023 CAs Violates Already Settled Law)**

62. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-61 of the Complaint.

63. Kraken is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Amended CA or the New CA "has language that mirrors language from a [CRA]," and therefore denies that allegation. The remainder of the allegations in Paragraph 63 of the Complaint purport to summarize a written document, the language of which speaks for itself.

64. Paragraph 64 of the Complaint purports to summarize a written IBLA decision, the language of which speaks for itself.

65. Paragraph 65 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, denies the misleading implication of the allegations that federal minerals once becoming either leased or subject to a CRA are always leased or subject to a CRA. Of course, it is possible for federal minerals to be leased during a certain period of time and subject to a CRA during another period of time.

66. Paragraph 66 of the Complaint purports to summarize and quote a written document, the language of which speaks for itself.

67. Paragraph 67 of the Complaint sets forth only legal conclusions, to which no response is required.

68. Denied.

69. Paragraph 69 of the Complaint sets forth only legal conclusions, to which no response is required.

70. Paragraph 70 of the Complaint sets forth only legal conclusions, to which no response is required.

71. Paragraph 71 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that the Amended CA or the New CA violate federal law. Kraken also denies that Phoenix is entitled to any declaration.

72. Paragraph 72 of the Complaint sets forth only legal conclusions, to which no response is required.

**COUNT III- DECLARATORY JUDGMENT**
**(Allocation from Unleased Federal Minerals Absent a CRA not Authorized)**

73. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-72 of the Complaint.

74. Denied.

75. Paragraph 75 of the Complaint purports to summarize an IBLA decision, the language of which speaks for itself.

76. Admitted.

77. Kraken denies that it or BLM "added de facto CRA language" into the Amended CA or the New CA. The remainder of the allegations in Paragraph 77 of the Complaint set forth only legal conclusions to which no response is required.

78. Paragraph 78 of the Complaint sets forth only legal conclusions, to which no response is required.

79. Paragraph 79 of the Complaint sets forth only legal conclusions, to which no response is required.

80. Paragraph 80 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that the Amended CA or the New CA violate federal law. Kraken also specifically denies that Phoenix is entitled to any declaration.

## COUNT IV – DECLARATORY JUDGMENT
## (Allocation of Production Must be Based upon Leasehold Interests)

81. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-80 of the Complaint.

82. Paragraph 82 of the Complaint purports to summarize and quote written documents, the language of which speak for themselves.

83. Denied.

84. Paragraph 84 of the Complaint purports to summarize and quote written documents, the language of which speak for themselves.

85. Kraken admits that it does not have a lease covering the undivided one-half interest in the oil, gas, and associated hydrocarbons owned by the United States in the Lands as that term is defined in the Complaint. Kraken denies that it does not have any interest in the Federal Minerals.

86. Paragraph 86 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that it cannot be allocated revenue under the 2021 CA, the Amended CA and the New CA.

87. Paragraph 87 of the Complaint sets forth only legal conclusions, to which no response is required.

88. Paragraph 88 of the Complaint sets forth only legal conclusions, to which no response is required.

89. Paragraph 89 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that it cannot be allocated revenue and that Phoenix is entitled to any declaration.

**COUNT V – DECLARATORY JUDGMENT**
**(Violation of 30 U.S.C. § 226(m) and (j))**

90. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-89 of the Complaint.

91. Paragraph 91 of the Complaint purports to summarize and quote a federal statute, the language of which speaks for itself.

92. Paragraph 92 of the Complaint purports to summarize written documents, the language of which speak for themselves.

93. Kraken admits that both the Amended CA and the New CA expressly state that "[t]he value of 12 1/2 percent for the Federal Lands . . . shall be payable as royalties to the federal government." Kraken also admits that it understands these terms to apply until the effective date of any lease of the Federal Lands.

94. Admitted.

95. Denied.

96. Kraken admits that it did not enter into a CRA with the BLM. The remainder of the allegations in paragraph 96 of the Complaint purport to summarize an IBLA decision and written documents, the language of which speak for themselves.

97. Paragraph 97 of the Complaint purports to summarize and quote federal law, the language of which speaks for itself.

98. Denied.

99. Denied.

100. Paragraph 100 of the Complaint sets forth only legal conclusions, to which no response is required.

101. Paragraph 101 of the Complaint sets forth only legal conclusions, to which no response is required.

102. Paragraph 102 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaratory relief.

103. Paragraph 103 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that the Amended CA or the New CA violate federal law and that Phoenix is entitled to any declaratory relief.

104. Paragraph 104 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaratory relief.

**COUNT VI – DECLARATORY JUDGMENT**
**(In the Alternative - Violation of 43 C.F.R. § 3105.23)**

105. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-104 of the Complaint.

106. Kraken is without knowledge or information sufficient to form a belief as to Phoenix's allegations that it is pleading claims in the alternative as set forth in paragraph 106 of the Complaint and therefore denies them.

107. Kraken admits that the Amended CA and the New CA were executed in June 2023. Kraken admits that the Amended CA is effective June 1, 2018, and that the New CA is effective January 11, 2021. Kraken denies any remaining allegations.

108. Kraken admits that when Phoenix bid on and was awarded the Lease, as that term is defined in the Complaint, Phoenix took the Lease subject to the existing Amended CA and New CA. Kraken denies any remaining allegations.

109. Paragraph 109 of the Complaint purports to summarize federal law, the language of which speaks for itself.

110. Paragraph 110 of the Complaint purports to summarize federal law, the language of which speaks for itself.

111. Paragraph 111 of the Complaint purports to summarize federal law, the language of which speaks for itself.

112. Paragraph 112 of the Complaint purports to summarize an IBLA decision, the language of which speaks for itself. Kraken, however, specifically denies that "the IBLA has expressly held that if there is a new lease, a CA may not be effective prior to the date of the lease issuance."

113. Paragraph 113 of the Complaint purports to summarize an IBLA decision, the language of which speaks for itself. Kraken, however, specifically denies that Phoenix accurately interprets this IBLA decision.

114. Kraken admits that Phoenix is the new lessee of the Federal Minerals as of October 1, 2024. Kraken also admits that Phoenix was not a party to the New CA or Amended CA when they were executed. Kraken, however, specifically denies that Phoenix is not currently a party to, or bound by, the New CA and the Amended CA. Kraken is without knowledge or information sufficient to form a belief as to the truth of the allegation that Phoenix "has not agreed to the retroactive language" in the New CA and Amended CA and therefore denies the same.

115. Paragraph 115 of the Complaint sets forth only legal conclusions, to which no response is required.

116. Paragraph 116 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaratory relief.

117. Paragraph 117 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaratory relief.

**COUNT VII- DECLARATORY JUDGMENT**
**(In the Alternative - Interpretation of Section 5 of the 2023 CAs)**

118. Kraken incorporates by reference its responses to the allegations set forth in paragraphs 1-117 of the Complaint.

119. Kraken is without knowledge or information sufficient to form a belief as to Phoenix's allegations that it is pleading claims in the alternative as set forth in paragraph 119 of the Complaint and therefore denies them.

120. Paragraph 120 of the Complaint purports to quote written documents, the language of which speak for themselves.

121. Paragraph 121 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that either the Amended CA or the New CA says or requires Phoenix to pay its proportionate share of "all costs from the Well's inception, being the spud dates until present."

122. Denied.

123. Denied.

124. Denied.

125. Paragraph 125 of the Complaint sets forth only legal conclusions, to which no response is required.

126. Paragraph 126 of the Complaint sets forth only legal conclusions, to which no response is required.

127. Paragraph 127 of the Complaint sets forth only legal conclusions, to which no response is required. Kraken, however, specifically denies that Phoenix is entitled to any declaratory relief.

Kraken admits that Phoenix seeks the relief set forth in its Prayer for relief but denies that Phoenix is entitled to any such relief.

## GENERAL DENIAL

Kraken denies each and every allegation contained the Complaint against Kraken that is not specifically admitted in this Answer.

## DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction over this case.

3. Plaintiff has failed to exhaust administrative remedies.

4. Plaintiff's claims are barred by the doctrine of primary jurisdiction.

5. Plaintiff's claims are barred, in whole or in part, by the terms of the leases, communitization agreements, drilling and spacing orders, the application of federal regulations, pooling orders, or other agreements, orders, or other written instruments governing the relationship between the parties, as well as the parties' course of performance under these instruments.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12. Plaintiff's claims are barred, in whole or in part, for lack of standing.

13. Plaintiff's claims are barred, in whole or in part, for lack of privity.

14. Kraken pleads the affirmative defenses of setoff and recoupment.

Kraken reserves the right to amend this Answer to plead additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, Kraken requests that the Court enter judgment against Plaintiff and in favor of Kraken on Plaintiff's amended claims and such other and further relief as it deems just and proper.

Dated this 9th day of September, 2026.

*/s/ Brianne C. McClafferty*
Brianne C. McClafferty
Matthew J. Salzman
Utsarga Bhattarai
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
KRAKEN OIL AND GAS, LLC AND
KRAKEN OPERATING, LLC

39241358_v2