JORDAN W. FITZGERALD
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-3961
Fax: (406) 657-6058
Email: jordan.fitzgerald@usdoj.gov

Attorney for Defendant
United States Bureau of Land Management

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PHOENIX ENERGY ONE, LLC f/k/a PHOENIX CAPITAL GROUP HOLDINGS, LLC,<br><br>Plaintiff,<br>vs.<br><br>KRAKEN OIL AND GAS, LLC, KRAKEN OPERATING, LLC, and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | CV 25-65-BLG-TJC<br><br>**DEFENDANT UNITED STATES BUREAU OF LAND MANAGEMENT'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

Defendant United States Bureau of Land Management ("BLM" or "Defendant") hereby responds to the allegations in Plaintiff's Amended Complaint for Declaratory Judgment (Doc. 88). The numbered and lettered paragraphs in this

Answer correspond to the numbered and lettered paragraphs of the Amended Complaint.

**PARTIES**

1. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 and denies them on that basis.

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 and denies them on that basis.

4. Defendant admits the allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. The allegations in Paragraph 5 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. The allegations in Paragraph 6 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

**FACTS COMMON TO ALL COUNTS**

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and denies them on that basis.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. The allegations contained in Paragraph 14 purport to characterize an Order issued by the Federal District Court of Montana, which Order speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Order.

15. Defendant denies the allegations in the first sentence of Paragraph 15 and admits the allegations in the second sentence.

16. Defendant admits the allegations in Paragraph 16.

17. In response to Paragraph 17, Defendant admits that BLM approved a Communitization Agreement (CA MTM 111087) on April 8, 2021, with an effective date of June 29, 2018. As to any remaining allegations which purport to characterize the contents of the CA, the CA speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CA.

18. In response to Paragraph 18, Defendant admits that BLM approved a Communitization Agreement (CA) on June 22, 2023, with an effective date of January 11, 2021. As to any remaining allegations which purport to characterize the contents of the CA, the CA speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CA.

19. The allegations contained in Paragraph 19 purport to characterize a document, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the document.

20. The allegations contained in Paragraph 20 purport to characterize a document, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the document.

21. The allegations in Paragraph 21 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. The allegations contained in Paragraph 22 purport to characterize a document, which speaks for itself and is the best evidence of its contents. Defendant

denies any allegations contrary to the plain language, meaning, and context of the document.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits the allegations in Paragraph 24.

25. In response to Paragraph 25, Defendant admits that the Interior Board of Land Appeals issued a decision on September 14, 2022. The remaining allegations in Paragraph 25 purport to characterize the IBLA Decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA Decision.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. The allegations contained in Paragraph 28 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

29. The allegations contained in Paragraph 29 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

30. The allegations contained in Paragraph 30 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

31. The allegations contained in Paragraph 31 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

32. The allegations contained in the first sentence of Paragraph 32 purport to characterize two documents, which speak for themselves and are the best evidence of their contents. In response to the first sentence of Paragraph 32, BLM denies any allegations contrary to the plain language, meaning, and context of the documents. BLM denies the allegations contained in the second sentence of Paragraph 32.

33. The allegations contained in Paragraph 33 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. BLM denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

34. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35. Defendant admits the allegations in the first sentence of Paragraph 35. The allegations contained in the second sentence of Paragraph 35 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

36. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39. Defendant admits the allegations in Paragraph 39.

40. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 and denies them on that basis.

41. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 and denies them on that basis.

42. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 and denies them on that basis.

43. The allegations in Paragraph 43 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. The allegations in Paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

**COUNT I – DECLARATORY JUDGMENT**
**(Violation of 30 U.S.C. § 226 & 43 CFR § 3105.22)**

46. Defendant incorporates the responses from Paragraphs 1–45 above.

47. The allegations contained in Paragraph 47 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

48. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 and denies them on that basis.

49. The allegations contained in Paragraph 49 purport to characterize 30 U.S.C. § 226(m), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the United States Code.

50. The allegations contained in Paragraph 50 purport to characterize a treatise, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the treatise.

51. The allegations contained in Paragraph 51 purport to characterize 43 C.F.R. § 3105.22, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation.

52. The allegations in Paragraph 52 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

53. The allegations contained in Paragraph 53 purport to characterize the BLM's Handbook 3160-9, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Handbook.

54. Defendant admits the allegations in Paragraph 54.

55. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55 and denies them on that basis.

56. Defendant denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

58. The allegations in Paragraph 58 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

**COUNT II – DECLARATORY JUDGMENT**
**(Section 5 of the 2023 CAs Violates Already Settled Law)**

62. Defendant incorporates the responses from Paragraphs 1–61 above.

63. The allegations contained in Paragraph 63 purport to characterize the Communitization Agreement, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreement.

64. The allegations contained in Paragraph 64 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision.

65. The allegations in Paragraph 65 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

66. The allegations contained in Paragraph 66 purport to characterize 43 C.F.R. §3100.2-1 and the BLM Communitization Handbook, which documents speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation and handbook.

67. The allegations contained in Paragraph 67 purport to characterize 43 C.F.R. §3162.2-2(b), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the applicable regulation.

68. Defendant denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

70. The allegations in Paragraph 70 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

**COUNT III – DECLARATORY JUDGMENT**
**(Allocation from Unleased Federal Minerals Absent a CRA not Authorized)**

73. Defendant incorporates the responses from Paragraphs 1–72 above.

74. Defendant denies the allegations in Paragraph 74.

75. The allegations contained in Paragraph 75 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision.

76. Defendant admits the allegation in Paragraph 76.

77. In response to Paragraph 77, Defendant admits that it entered into 21-28 CA and 33-21 CA with Kraken. The remaining allegations purport to characterize the terms of the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

78. The allegations in Paragraph 78 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

79. The allegations in Paragraph 79 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

80. Defendant denies the allegations in Paragraph 80.

**COUNT IV – DECLARATORY JUDGMENT**
**(Allocation of Production Must be Based upon Leasehold Interests)**

81. Defendant incorporates the responses from Paragraphs 1–80 above.

82. The allegations contained in Paragraph 82 purport to characterize the Pooling Orders, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Pooling Orders.

83. Defendant denies the allegations in Paragraph 83.

84. The allegations contained in Paragraph 84 purport to characterize the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

85. Defendant admits the allegations in the first clause of the sentence in Paragraph 85. Defendant denies the remaining allegations in this paragraph.

86. Defendant denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

88. The allegations in Paragraph 88 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

89. Defendant denies the allegations in Paragraph 89.

**COUNT V – DECLARATORY JUDGMENT**
**(Violation of 30 U.S.C. § 226(m) and (j))**

90. Defendant incorporates the responses from Paragraphs 1–89 above.

91. The allegations contained in Paragraph 91 purport to characterize 30 U.S.C. § 226(m), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of 30 U.S.C. §226(m).

92. The allegations contained in Paragraph 92 purport to characterize the Communitization Agreements, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the Communitization Agreements.

93. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 93 and denies them on that basis.

94. Defendant admits the allegations in Paragraph 94.

95. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95 and denies them on that basis.

96. The allegations contained in the first sentence of Paragraph 96 purport to characterize an IBLA decision, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the IBLA decision. The allegations contained in the second sentence of Paragraph 96 purports to characterize the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs. Defendant further deny the allegations to the extent they characterize the CAs as "impermissible."

97. The allegations contained in Paragraph 97 purport to characterize 30 U.S.C. §226(j), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of 30 U.S.C. §226(j).

98. Defendant denies the allegations in Paragraph 98.

99. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 99 and denies them on that basis.

100. The allegations in Paragraph 100 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

101. The allegations in Paragraph 101 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

**COUNT VI – DECLARATORY JUDGMENT**
**(In the Alternative – Violation of 43 C.F.R. § 3105.23)**

105. Defendant incorporates the responses from Paragraphs 1–104 above.

106. The allegations in Paragraph 106 characterize the relief Plaintiff is requesting, to which no response is required. To the extent a further response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

107. Defendant admits the first sentence in Paragraph 107. To the extent the allegations contained in the second sentence of Paragraph 107 purport to characterize the CAs, these documents speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

108. The allegations in Paragraph 108 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

109. The allegations contained in Paragraph 109 purport to characterize 43 C.F.R. §3105.23, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of 43 C.F.R. §3105.23.

110. Defendant admits the allegations in Paragraph 110.

111. The allegations contained in Paragraph 111 purport to characterize a Fifth Circuit Court of Appeals case, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

112. The allegations contained in Paragraph 112 purport to characterize an IBLA case, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

113. The allegations contained in Paragraph 113 purport to characterize an IBLA case, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the case cited.

114. Defendant admits the first sentence in Paragraph 114. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 and denies them on that basis.

115. The allegations in Paragraph 115 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

116. The allegations in Paragraph 116 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

117. Defendant denies the allegations in Paragraph 117.

## COUNT VII – DECLARATORY JUDGMENT
**(In the Alternative – Interpretation of Section 5 of the 2023 CAs)**

118. Defendant incorporates the responses from Paragraphs 1–117 above.

119. The allegations in Paragraph 119 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

120. The allegations contained in Paragraph 120 purport to characterize the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

121. The allegations contained in Paragraph 121 purport to characterize the CAs, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain language, meaning, and context of the CAs.

122. The allegations in Paragraph 122 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

123. The allegations in Paragraph 123 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

124. Defendant denies the allegations in Paragraph 124.

125. The allegations in Paragraph 125 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

126. The allegations in Paragraph 126 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

127. Defendant denies the allegations in Paragraph 127.

Defendant denies Plaintiff is entitled to the relief requested in the Prayer for Relief (Doc. 88 at 24-25).

## AFFIRMATIVE DEFENSES

BLM denies all allegations in the Amended Complaint, including prayers for relief, not expressly admitted in the Answer. The following defenses are applicable, where appropriate, to Plaintiff's claims for relief.

1. The Court lacks jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff's Amended Complaint for Declaratory Judgment fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the terms of the leases, communitization agreements, drilling and spacing orders, the application of federal regulations, pooling orders, or other agreements, orders, or other written instruments governing the relationship between the parties, as well as the parties' course of performance under these instruments.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

8. Plaintiff's claims are barred, in whole or in part, for lack of standing.

BLM may have further and additional defenses which are not yet known but which may become known through future discovery. BLM asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant United States Bureau of Land Management prays that Plaintiff's Amended Complaint be dismissed with prejudice or, in the alternative, judgment be entered for BLM, that Plaintiff be denied any and all relief, that BLM be awarded its costs incurred in defending this action, and that BLM be granted such other further relief as the Court deems just and appropriate.

**DATED** this 8th day of September, 2026.

MARK STEGER SMITH
Acting United States Attorney

*/s/ Jordan W. FitzGerald*
Assistant U.S. Attorney
Attorney for Defendant BLM